JAY T. ABERNATHY ET AL. v. MOBILE, JACKSON & KANSAS CITY RAILROAD COMPANY.

[53 South. 539.]

RAILROADS. *Injury to servant. Defective car. Negligence. Contributory negligence. Questions for jury.*

Where a railroad company used as a caboose a condemned box car, and a strong and active flagman, having a small stick and a little package in his hands, attempted to board it while it was moving at the rate of three or four miles an hour and fell in so doing, receiving injuries from the effect of which he died, and suit was brought for his alleged wrongful death, the questions of the company's negligence in not furnishing a reasonably safe caboose, and decedent's contributory negligence in attempting to board the car with the articles in his hands were for the jury.

FROM the circuit court of Winston county.

HON. JAMES R. BYRD, Judge.

Abernathy and others, appellants, were plaintiffs in the court below; the railroad company, appellee, was defendant there. From a judgment in favor of defendant, predicated of a peremptory instruction, the plaintiffs appealed to the supreme court.

Charles H. Abernathy, a strong, healthy and active young man twenty-eight years old, a flagman on a freight train of the defendant railroad company, while in the employ of the company, received injuries causing his death. The freight train, of whose crew he was a member, had stopped at a station and Abernathy had disembarked from it. The train was moving out from the station at about three or four miles per hour, when Abernathy rapidly approached the moving train from a point opposite the station, having in his hand a small stick and a little package. He ran toward the train and attempted to board the caboose, being the rear car, of the train. This car was an old box car which had been condemned by the company's car inspector but which was still in use. There was no door at its end, entrance being effected through a sliding door on each side of the car. A wooden ladder was attached to the car on the left hand side of each door, being made of two upright pieces of scantling nailed to the outside of the car, and having rungs nailed to these uprights. The rungs of the ladder had become well worn from long use. A rope hung from the top of the door to the floor, for use in assisting any one from the ground into the car. A plank step about twelve inches below the door afforded the only way of getting into or out of the car. The lowest rung of the ladders were about three feet above the ground. Abernathy in attempting to board the moving car, fell between it and the edge of the station platform.

*Daniel & Adams* and *Rodgers & Brantley,* for appellants.

It is shown by the undisputed evidence that deceased, Ab-

ernathy, received the fatal injuries resulting in his death by the running of appellee's railroad train. Code 1906, § 1985, makes this *prima facie* evidence of negligence on the part of the railroad company, authorizing a recovery by appellants. To overcome this statutory presumption of negligence the proof must clearly show such a state of facts as to wholly exculpate and exonorate the railroad company from any blame of negligence. If the facts be not proven and the attendant circumstances of the accident remain doubtful, the company is not relieved of liability and the presumption controls. *New Orleans, etc., R. Co. v. Brooks,* 85 Miss. 275.

In the case at bar the proof does not clearly show how the accident occurred, or what caused deceased to fall. From the proof it could not be determined whether he fell because the round of the ladder which he caught hold of with his hands pulled out, or the round of the ladder on which he placed his foot gave way by pulling loose from its fastening, or whether his foot slipped off the step.

The only witness of the accident was forty yards away from the point where deceased met his death, and could not state what caused deceased to fall; but he merely saw deceased reach up with both hands and catch hold of the ladder and put his feet on the ladder, and then the witness saw deceased fall down between the depot platform and the moving car.

It is fundamental law that the railroad company owed deceased the duty to furnish him with reasonably safe cars and applianees, and with safe ways and means of getting in and out of any cars which his duties might require him to enter. The uncontradicted proof offered by appellant shows beyond every doubt that the car, furnished as a caboose for the train on which deceased was flagman and which car he was attempting to board at the time deceased was killed, was unsafe for use as a caboose, and did not have safe ways and means for getting in and out of it; that it had been condemned and so reported a number of times by appellee's car inspector. Under proof of such negligence on

the part of the railroad company in providing such an unsafe car, the railroad company should certainly be liable for any injury resulting from the defective condition of the caboose; and the knowledge by deceased of such defective condition cannot be set up by the railroad company for the purpose of escaping liability. *Welsh v. Railway Co.,* 70 Miss. 25, 11 South. 723; *Yazoo, etc., R. Co. v. Parker,* 88 Miss. 193; *Yazoo, etc., R. Co. v. Scott,* 48 South. 239; *Miss. Central R. Co. v. Mason,* 51 Miss. 234; *Johnson v. Yazoo, etc., R. Co.,* 47 South. 785.

In granting a peremptory instruction the court assumes as true all testimony tending to establish the issue in favor of the losing party; and a peremptory instruction should not be given where the evidence, in any view of it, which may be legally taken, is sufficient to warrant a verdict of such party. *Illinois, etc., R. Co. v. Tribette,* 71 Miss. 212; *Bell v. Southern R. Co.,* 30 South. 821; *Stevens v. Illinois, etc., R. Co.,* 81 Miss. 195.

It certainly can not be successfully contended that deceased, Abernathy, was guilty of such contributory negligence as would bar recovery as a matter of law by reason of the fact that he was attempting to board the car in question while in motion, the deceased having a stick and a small bundle in his hand; for it is shown in evidence that the train was moving at a slow rate of speed, about three of four miles per hour; that deceased was a railroad man of experience; that he had been working for the appellee railroad company for about two years prior to his death; and that he was a man of about twenty-eight years of age in good health and of good habits. It is a matter of common knowledge that flagmen and brakemen of freight train, in the performance of their duties, are required by the railroad company to board and disembark from train while in motion; and a rule requiring all trains of every character to stop while employes got off and on would seriously hamper and delay the traffic of the railroad. Labatt on Master and Servant, 872.

*Alexander & Alexander,* on the same side.

Abernathy, the deceased, was either killed by his own negligence or that of the railroad company. Unless it is proved beyond every doubt that Abernathy's death was due solely to his own negligence, then the court below erred. If it be proved that the railroad company's negligence was the proximate cause of the accident, then regardless of a mere careless or negligent act of Abernathy, the lower court erred. In other words, the facts in the case must show a rash and negligent act by Abernathy, such as would be tantamount to an utter disregard of his own safety, before the trial court should say that, regardless of the railroad company's negligence, Abernathy's death was due solely to his own negligence. Contributory negligence is a question for the jury to determine. *Stevens v. Yazoo, etc., R. Co.,* 81 Miss. 195; *Yazoo, etc., R. Co v. Humphrcy,* 83 Miss. 721; *King v. Yazoo, etc. R. Co.,* 87 Miss. 270; *Allen v. Railroad Co.,* 88 Miss. 25; *Bell v. Southern R. Co.,* 87 Miss. 234; *Stevens v. Railroad Co.,* 81 Miss. 195.

Was or was not this a rare case under the meaning of the above decisions of this court? It should be borne in mind that the plaintiffs had the presumption in their favor. This presumption has been interpreted to mean that proof of injury inflicted by the running of locomotives or cars of such company shall be prima facie evidence of liability on the part of the railroad company. *Mobile etc., R. Co. v. Hicks,* 91 Miss. 273. Therefore, unless the railroad company can show how the injury occurred, or plaintiffs show by the evidence how the injury occurred, not only clearly enough to rebut the presumption but to blame the deceased for his utter disregard for his own life, then the railroad company must submit to a verdict of the jury.

It has been an established principle for the past few years to place upon railroad companies the burden of disproving that the injuries sustained in their operations are not due to their negli-

gence.    This has arisen as an emergency of the case.    Accidents happening on railroads are always in the knowledge of employes to such an extent that unless compelled to exculpate themselves, justice would go defeated because of a failure to locate the party who had been guilty of negligence.    Not only is this recommended for a safeguard to the public, but when contributory negligence is pleaded the burden is upon the defendant to exculpate itself and place the blame for the injured upon the injured party, and only in a few unprecedented cases can a court of law take away these questions from the jury.    The effect of this rapidly growing tendency to leave these questions to the jury, is shown by its influence on our last legislature in taking away from the court the right to give a peremptory instruction on contributory negligence.    While that statute has no bearing upon this case directly, it shows the trend of the process for perfection of the administering of justice.    In this case the lower court gave every presumption to the defendant company, and disregarded the details of the evidence introduced.

Contributory negligence depends upon circumstances; for a boy to commit certain acts might be gross negligence; while a man might commit the same act and not be guilty of negligence, and *vice versa,* the question of negligence depending absolutely upon the circumstances.    *Stevens v. Railroad Co.,* 81 Miss. 195.

Contributory negligence has been defined as "lack of ordinary care."    What is ordinary care?    Is it ordinary care for a brakeman to board a train moving at the rate of four miles per hour? It might be grossly negligent for a woman in a hobble skirt to make such an effort, but not so for an experienced railroad man, as deceased was shown in evidence to have been.

There is but one of three views to take of deceased's act: either that he did not catch the ladder or get on the step; or after catching hold of the ladder he voluntarily let go; or that the running board and defective ladder caused him to fall.    The construction adopted by the lower court was clearly erroneous and

the case should be reversed. *Bussy v. Gulf, etc., Railroad Co.,* 79 Miss. 597; *King v. Railroad Co.,* 87 Miss. 270; *Railroad Co. v. Turner,* 71 Miss. 402.

*Flowers, Fletcher & Whitfield,* for appellee.

The declaration in this case counted almost exclusively upon the alleged negligence of the railroad company in providing a caboose of a certain type or pattern. There is very little complaint made about the caboose being defective. The declaration charges that the rounds of the ladder on the side of the caboose were worn round and smooth. This, however, is not unusual, and many ladders on railroad cars are made with cylindrical rungs. It is not pretended that the ladder broke or that the rungs were pulled off, or that the step was frail, or that the iron hand hold on the side of the car was not firmly fastened. The accident did not result from any break in any of the parts of the caboose. The caboose was a transformed box car having a sliding door in its side. The ladder giving access to the roof of the caboose was attached to the side of the car, and could easily be reached from the door. Fastened to the top beam of the door was a stout rope to assist any one in climbing into the car. It is true that the car was not a standard caboose, but this is no reason that the car should be considered dangerous. A railroad company owes to its employes only the duty to provide reasonably safe and proper equipment, not the very best and safest equipments. *Hatter v. Illinois, etc., R. Co.,* 69 Miss. 642; *Kent v. Yazoo, etc., R. Co.,* 77 Miss. 494; *Illinois, etc., R. Co. v. Woolley,* 77 Miss. 927; *Clisby v. Mobile, etc., R. Co.,* 78 Miss. 937; *Jones v. Yazoo, etc., R. Co.,* 90 Miss. 547; *Titus v. Bradford, etc., R. Co.,* 20 Am. St. Rep. 944; *Kehler v. Schwenk,* 13 L. R. A. 374; *Louisville, etc., R. Co. v. Hall* (Ala.), 24 Am. St. Rep. 863. And see Wharton on Negligence, Sec. 213; 2 Thompson on Negligence, 1019.

There is nothing in section 193 of our state constitution which

does away with the defense of contributory negligence.  *Buckner v. Yazoo, etc., R. Co.,* 72 Miss. 873; *Illinois, etc., R. Co. v. Guess,* 74 Miss. 170; *Illinois, etc., R. Co. v. Emmerson,* 88 Miss. 598; *Yazoo, etc., R. Co. v. Parker,* 88 Miss. 193; *McMurtry v. Louisville, etc., R. Co.,* 67 Miss. 601; *Cunningham v. Chicago, etc., R. Co.,* 17 Fed. 882; *Warrington v. Atchinson, etc., R. Co.,* 46 Mo. App. 159.

While it is a rare case involving contributory negligence which should be taken from the jury on peremptory instruction, yet there are such rare cases, and this is one of them.   When facts are not disputed and the inferences or conclusions therefrom are indisputable, the question of contributory negligence is one of law for the court alone to determine, and not one of fact for the jury.   *Alabama, etc., R. Co. v. McGowan,* 62 Miss. 682; *McMurtry v. Louisville, etc., R. Co.,* 67 Miss. 601; *Todd v. Ill., etc., R. Co.,* 80 Am. Dec. 49.

As there was an eye witness of the accident who testified in regard to the facts of the accident, Code 1906, § 1985 is not applicable.   *Nichols v. Gulf, etc., R. Co.,* 83 Miss. 126; *Vicksburg, etc., R. Co. v. Phillips,* 64 Miss. 693; *New Orleans, etc., R. Co. v. Bourgeois,* 66 Miss. 3; *Bedford v. Louisville, etc., R. Co.,* 65 Miss. 385; *Hamlin v. Yazoo, etc., R. Co.,* 72 Miss. 39; *Korter v. Gulf, etc., R. Co.,* 87 Miss. 482; *Mobile, etc., R. Co. v. Holt,* 62 Miss. 170; *Owen v. Yazoo, etc., R. Co.,* 77 Miss. 142.

It is apparent that the deceased, in attempting to board the moving train, was guilty of contributory negligence.   At the time when he attempted to catch the ladder or handhold on the side of the train he had in his hands a small stick, and a package contained in a paper sack.   Even if his hands had been empty, it would have been perilous for him to attempt to board the moving train.   Furthermore, there is no evidence that the engineer or fireman or any other members of the crew of the train saw the deceased in his sudden peril in time either to stop the long train or to render him assistance.

Argued orally by *R. V. Fletcher,* for appellee.

WHITFIELD, C.

Whether regard be had to the question whether the caboose in question was a reasonably safe car, or to the question whether the plaintiff was guilty of such contributory negligence as precluded recovery, we think in either case the court should have submitted the matter to the jury.   There is very great force in the argument, so ably pressed, that because plaintiff had in his left hand a small stick and a paper sack, containing something, he was therefore guilty of contributory negligence in attempting to board this caboose whilst the train was running about three or four miles an hour.   But, looking to the whole testimony, showing the age of plaintiff, twenty-eight years, showing him to be a strong and active young man, and showing the condition of the ladder and the worn condition of the rungs of the ladder, and showing the speed of the train to be three miles an hour, we cannot bring ourselves to say that this is one of those rare cases of negligence which the court should take from the jury.

It is a close case, an exceedingly close case, on the evidence; and because it is so exceedingly close and doubtful, because reasonable men might differ as to the question of contributory negligence under all the circumstances, for that very reason the jury should have been left to solve the question.

PER CURIAM.   For the reasons indicated in the foregoing opinion, the judgment is reversed, and the cause remanded.