Central Paving & Construction Co., Inc., *et al. v.* Mc-Caskin.

(Division B. Nov. 21, 1938.)

[184 So. 464. No. 33404.]

Lester G. Fant, Sr. and Jr., of Holly Springs, for appellants.

Frank L. Reich, of Louisville, and Jas. A. Cunningham, of Booneville, for appellee.

Argued orally by **Lester G. Fant, Sr.** and **Jr.,** for appellant and by **Jas. A. Cunningham,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a judgment rendered in the Circuit Court of Marshall County in favor of the appellee for personal injuries suffered by her when an automobile, driven by her husband, and in which she was riding, collided with a steam roller of the appellant Central Paving & Construction Company, Incorporated, on U. S. Highway No. 78, which was then under construction, a few miles northwest of Holly Springs in said county.

Appellants requested and were refused a peremptory instruction in the court below on the following state of facts: The appellant construction company was at the time of the accident engaged in constructing certain paving on the highway which leads northwest from Holly Springs toward Memphis. The pavement had been completed from Holly Springs to a point about 10 miles northwest thereof where the old gravel highway intersected it and was being used for a detour. It turned to the right northward. Immediately beyond the intersection was a barricade with a large detour sign, either immediately in front of the barricade or forming a part thereof, and which sign was about 4 feet square, painted in conspicuous colors, lighted with a Toledo torch, and contained the words "Road Closed—Detour;" and above these words an arrow pointed to the graveled detour road. The paved portion of the road was 20 feet in width and the barricade consisted of two poles, 6 inches in diameter, one extending from each side of the road toward this road-closed and detour sign, and immediately behind which, and on the right side or slab of the concrete road, there was stationed a large steam roller used in packing and smoothing the asphaltic concrete behind the finishing or spreading machine. There were other steam rollers between this one and the spreading machine, and each of these steam rollers had boilers which had to be kept supplied with water during the progress of the work. The appellant Curtis Smith was

an employee of the construction company, and it was his duty to haul the water on a truck containing a large water tank for the purpose, from a point north of where the road was under construction. It was necessary for him to travel the graveled detour road when coming south, so as to reach the pavement behind the construction work, and to then let down the barricade on the left side of the usable portion of the paved highway in order to back his truck northward through the same and supply the boilers with the water. He could not travel the new highway southward to that point for the reason that the spreading machine ran on steel forms 'between which the fresh asphaltic concrete was being poured, and occupied the entire width of the highway then under construction. On the occasion of this accident the automobile in which the appellee was riding from Holly Springs toward Memphis collided with the steam roller located on the right side of the pavement immediately behind the barricade aforesaid. The appellant Curtis Smith had a few moments prior thereto driven onto the pavement, at the intersection of the graveled detour road therewith and had backed his water truck northward on the left side or slab of the pavement either to a point immediately in front of the barricade, as contended by appellee, or had passed through the same and stopped after removing the pole, as contended by appellants. His lights were on, shining brightly down the pavement in the direction of the detour road and toward the approaching automobile. It is contended by the appellee, and also by her husband and his brother, who were in the automobile at the time, that the lights of the truck caused them to conclude that it was moving and coming toward them and that the highway was open for travel, although it was shown without dispute that the truck was standing still. They further contend that the water truck was immediately in front of and obscured the large road-closed and detour sign, as well as the light in front thereof, to such an extent as to obscure the sign,

light, barricade and steam roller. This contention, however, seems contrary to human experience and wholly unreasonable for the reason that the driver of the truck was engaged throughout the day in hauling water to this point and backing his truck through the barricade, after removing each time the pole situated on the left side of the road, where his truck was standing at the time of the accident. It does not seem reasonable to suppose that he would place this large road-closed and detour sign, and the torchlight in front thereof, in the portion of the road being used by him in backing his truck through the barricade each time, removing and replacing it on each trip, when admittedly neither he nor anyone else had occasion to use the center of the highway, where all the witnesses for the appellants say the sign and light were stationed, or occasion to use the right side of the highway along which appellee was traveling.

But be that as it may, the proof further disclosed that at a distance of approximately 4 or 5 miles south of the barricade there was a sign reading "Road under construction travel at your own risk," and at a point only 600 feet south of the barricade there was another sign about $2\frac{1}{4}$ by 4 feet in dimension which read "Danger— Go Slow," in front of which was stationed a Toledo torch, lighting up the sign, which sign and light were placed in the center of the paved highway. This last mentioned sign in the center of the highway was observed by the appellee and her companions, and was discussed by them after they passed it, whereupon the driver of the automobile remarked, in substance, that this sign and light must have been placed there on account of the fact that the shoulders of the road had not been finished; and the appellee herself commented that the road was open ahead, relying to some extent on a mention alleged to have been made in the Commercial Appeal, that the road would be opened that day. We are unable to see how they concluded that the lighted "danger-go-slow" sign, stationed in the center of the

pavement, was merely to indicate that the shoulders adjacent to the pavement were not suitable for use, instead of indicating real danger on failure to drive slowly on the pavement. Presumably, the traveling public would use the paved portion of the highway and not the shoulders adjacent thereto. We are of the opinion that this lighted sign in the center of the highway at night was sufficient warning to require them to proceed cautiously with the automobile under control so as to be able to meet any nearby emergency ahead of them. This they did not do. The proof disclosed that skid marks of the automobile tires were observed immediately after the accident, and were then measured for a distance of 80 or 90 feet from the steam roller southward. It is true that appellees contend that when they observed the skid marks on the next morning and afternoon, the same extended only back to the detour road, a much less distance than testified to on behalf of the appellants. However, this cannot be considered a contradiction in the proof, for the reason that the traveling public had used the paved highway and passed over the marks during that Saturday night. and up to the point of intersection with the gravel road.

We are of the opinion that the record discloses beyond question that the occupants of the automobile acted at their own peril in determining that the lighted danger sign which they observed in the center of the highway was of no serious consequence; that their failure to bring and keep their automobile under such control as to avoid the accident, after being warned of danger, was the proximate cause of the injury complained of; and that the appellant construction company was not guilty of a negligent failure to place sufficient signs or to give reasonable warning of the danger ahead. Barricades, signs and other warnings which are readily and easily to be seen by those exercising ordinary care for their own safety when approaching the unusable portion of a highway under construction, constitute a compliance with

the duty of exercising the due care required of those closing a highway for construction or improvement.

Neither do we think that the appellant Curtis Smith was negligent in placing the water truck on the side of the pavement where it had a right to be, or in burning his lights; and this is especially true in view of the fact that he knew that there was a lighted sign south of his truck readily and easily to be seen for a considerable distance before an automobile would reach the lighted barricade.

It was held in Graves et al. v. Hamilton et al., 184 So. 56, in an opinion rendered by Division A of this Court on October 31, 1938 (not yet reported [in State report]), that: A barrier "readily and easily seen" must be interpreted as "(1) readily and easily to be seen by those exercising ordinary care on a completed highway, and (2) readily and easily to be seen by those exercising vigilant caution and keeping a constant lookout on a highway under construction." Conceding that the appellee did not actually know the highway was under construction, and that she had a right to assume that it was a completed highway, she was nevertheless required to exercise ordinary care under all of the circumstances. Here the proof discloses that, after passing the lighted danger sign in the center of the road 600 feet south of the scene of the accident, the automobile was going at a speed of from 40 to 45 miles an hour, as shown by the evidence offered by the appellee, when the brakes were applied to avoid the collision with the steam roller. We are not unmindful of the rule that the negligence of a driver is not attributable to other occupants of an automobile where an accident is proximately caused by the negligence of a defendant. But this rule does not aid the case of the guest in a car when the negligence of the driver, or that of the driver and the guest, is the sole proximate cause of the injury complained of.

The peremptory instruction should have been granted.

Reversed and judgment here for appellant.