GORDON *v.* ILLINOIS CENT. R. Co.

(In Banc. April 28, 1941. Suggestion of Error Overruled, May 26, 1941.)

[1 So. (2d) 772. No. 34492.]

Lamar F. Easterling, Ben Himelstein, and J. E. Skinner, all of Jackson, and J. H. Garth, of Hazlehurst, for appellant.

M. S. McNeil, of Hazlehurst, and **Clinton H. McKay,
Lucius E. Burch, Jr.,** and **Frank F. Roberson,** all of
Memphis, Tenn., for appellee.

**McGehee, J.**, delivered the opinion of the court.

The plaintiff appealed from the ruling of the trial court in excluding the evidence offered on his behalf and directing a verdict in favor of the defendant railroad company, whereby he was denied a recovery of damages for a personal injury sustained when he was caused to fall while walking at night across the railroad tracks immediately north of the depot in the City of Crystal Springs where the line of railroad extends north and south and is intersected by a 50-foot street which is paved up to the outermost steel rail on each side of the tracks and extends east and west over the crossing where it was filled in with a cinder-like substance, over which pedestrians would cross, using indiscriminately a space 12 or 15 feet in width, including that which represented the connecting link of the concrete sidewalk, which extended as far as the rails from each direction.

The proof in the case discloses that the railroad company had been engaged in the work of excavating and removing all of the cinders and other like substance from on and between the cross-ties at the crossing for the purpose of replacing the same with slag or other material, and, presumably, to also replace such cross-ties as were

found to be unsafe, if any. Therefore, in order that the general public using the street might be warned of the fact that the crossing was undergoing repairs or reconstruction, which had not been completed at the time of the accident, the railroad company barricaded the street by placing a wooden structure or railing extending all the way across the same at a distance of 40 or 50 feet from the railroad tracks on both the east and west side thereof. On these barricades were stationed lights, which are shown by the photographs in the record now before us to be toledo torches, commonly used at night on similar construction jobs to warn the public that the thoroughfare is undergoing repair.

As heretofore stated, the approach to the crossing for pedestrians from either direction until they get to the outermost steel rail of the double track system and switch line is by means of a concrete sidewalk which was left intact. Then extending across all three of the tracks there was at the time of the accident a hard surfaced passage way left for the use of pedestrians, and which according to the photographs is apparently of the same width as the concrete walk leading to the same from each side as one approaches the crossing.

Of course it is not contended, for obvious reasons, that there was any duty imposed by law on the railroad company to place a guard rail on each side of this pedestrians' walk extending across the tracks from east to west in order to prevent a person from walking off into the area where the cinders, etc., had been removed from around the cross-ties. But the ground of alleged negligence relied on is the failure of the defendant to have the premises lighted at or on the crossing so as to give additional warning to that furnished by the lighted barricade then extending across the entire width of the street as aforesaid where it approached the crossing from each direction; this alleged duty being based upon the fact that the custom had been prior thereto that pedestrians would use a much wider space than the supposed sidewalk when cross-

ing the tracks at that place. It should be kept in mind, however, that the duty required of the railroad company was that the crossing be maintained in a reasonably safe condition for a person who is exercising reasonable care for his own safety under all of the circumstances at the time complained of. Applying this rule to the case before us, we are unable to say that the trial court was in error in holding as a matter of law that the lighted barricade heretofore referred to constituted a sufficient warning of the probable danger. Moreover, the principle was announced on good authority in the case of Graves et al. v. Johnson, 179 Miss. 465, 176 So. 256, and in the companion case of Graves et al. v. Hamilton, 184 Miss. 239, 184 So. 56, that when one is sufficiently warned that a public thoroughfare is under construction or undergoing repairs, he should exercise a vigilant caution and keep a constant lookout for dangers incident to the progress of the work. This rule is sound, and was followed and reaffirmed in the case of Myers v. Sanders et al., 194 So. 300, 189 Miss. 198, wherein it was held, in substance, that it is not required, in the exercise of reasonable care under such circumstances, that barricades should be placed around or in front of obstructions or other like situations of danger that may be found within the space included between other nearby barricades which are sufficient in themselves to warn a motorist that he should reasonably expect to encounter to his own detriment such impediments to safe travel if he should fail to exercise reasonable care for his own safety by keeping a constant lookout and a vigilant caution as he proceeds within the condemned area. The rule there announced should apply with equal reason to a pedestrian.

In the instant case, due notice was afforded to pedestrians under the circumstances hereinbefore stated to apprise them of the fact that the crossing was not open at that time for indiscriminate use as it had been theretofore, and that one leaving the route or path provided for pedestrians would do so at his peril, after passing the

lighted signals of warning hanging on the barricade across the street along which he was then walking. By remaining within the limits of this pathway, those who accompanied the plaintiff along the way home that evening were able to cross the tracks in safety.

While the facts here involved are different from those existing in the cases hereinbefore referred to, the case is nevertheless controlled by the legal principle therein stated; and consequently, there was no determinative issue of fact in serious dispute to be submitted to the jury for decision.. Wherefore, the peremotory instruction in favor of the defendant was properly granted.

Affirmed.

## Dissenting Opinion.

**Smith, C. J.,** delivered a dissenting opinion.

The court below should not have excluded the appellant's evidence for it discloses a prima facie case of negligence on the part of the appellee.

The street on which this accident occurred is more than fifty feet wide between and excluding the sidewalks. It is paved in the center for a width of fifty feet, with an unpaved space on each side thereof extending to the sidewalks. There is no paving across the railroad right-of-way, but the right-of-way for the full width of the street, the neutral ground and sidewalks are filled with crushed stone, referred to as cinder-like substance, over the full width of which pedestrians crossed at pleasure. On the day preceding the night of this accident, the appellee was engaged in some work at this crossing, the exact nature of which does not appear, and it had erected barriers on each side of and about forty or fifty feet from its right-of-way, at each of which "little red lights" were placed which did not "reflect on the railroad track." These barriers did not extend across the full width of the street, but only across the fifty foot paving in the center thereof, leaving the sidewalks and the space between them and the paved portion of the street unob-

structed. Several railroad tracks crossed this street and this crushed stone had not been removed from any portion of the street except between and beside the rails of the track on the extreme west side of the right-of-way. The removal of this crushed stone left an excavation on the sides of and between the rails and the cross-ties eighteen inches deep immediately next to what would have been the sidewalk on the south side of the street had it been extended across the street. With the street in this condition, the appellant, on a dark and "foggy night," was crossing it from the east to the west on the south side thereof, and when he came to the last westward track fell into this excavation about two and one-half feet north of what would have been the sidewalk had it been extended across the street.

Under Section 6127 of the Code of 1930, railroads are required to construct and maintain that portion of the public highway "interfered with by the construction of their roadbeds" (i. e. where highways cross their roadbeds), and to "see that the crossing is in such condition that the highway can be safely and conveniently used by the traveling public generally." Gulf & Chicago R. Company v. Sneed, 84 Miss. 252, 36 So. 261, 262. This absolute duty was afterwards modified by this Court by holding (1) that a railroad's duty is to maintain highway crossings in such condition "as will permit safe and convenient passage over its roadbed by persons using reasonable care in the use thereof;" Gulf & S. I. R. Company v. Simmons, 150 Miss. 506, 117 So. 345, 351; and again by holding "that the measure of a railroad company's duty in the maintenance of its crossings . . . is to use ordinary care to keep them in a reasonably safe condition for persons exercising ordinary care and prudence." Alabama & V. R. Company v. Graham, 171 Miss. 695, 157 So. 241, 246.

Whether this appellee here negligently failed to discharge this duty is a question of fact. It is true that the facts out of which the question of the appellee's negligence

vel non arises are not in dispute, but "negligence is not simple fact in itself, but is rather an inference from facts," Alabama & V. R. Company v. Thornhill, 106 Miss. 387, 63 So. 674, 679; Sunflower Compress Company v. Clark, 165 Miss. 219, 144 So. 477, 145 So. 617, the drawing of which inference must be left to the jury although the facts out of which the inference arises are not in dispute unless it "clearly and manifestly" appears that reasonable men could draw only one inference therefrom, in which event the inference may be drawn by the court. Among the numerous cases in which this Court has so held are Mississippi Central R. Company v. Mason, 51 Miss. 234; Southern Railway Company v. Floyd, 99 Miss. 519, 55 So. 287; Collins Baking Company v. Wicker, 166 Miss. 264, 142 So. 8; Gow Co., Inc., v. Hunter, 175 Miss. 896, 168 So. 264.

In Mobile & Ohio R. Company v. Cox, 153 Miss. 597, 121 So. 292, this Court said that: "Fact finding, which includes all material inferences and deductions which may be reasonably and logically drawn from the relevant direct facts, is a province which belongs to the jury, to be exercised by them according to the everyday experience and common observation of the 12 men constituting the jury—not of and by any one man, be he judge or juror. It is true that if clearly and manifestly no reasonable inferences or logical deductions can be drawn which will materially affect the ultimate issue or issues in the case, it is the province and duty of the judge to so hold, and declare by a peremptory instruction, . . ." In Bell v. Southern R. Company, 87 Miss. 234, 30 So. 821, approved specifically in Stevens v. Yazoo & M. V. R. Company, 81 Miss. 195, 30 So. 311; and inferentially in Abernathy v. Mobile, J. & K. C. R. Company, 97 Miss. 851, 53 So. 539, this Court admonished us that "So many questions are integrated usually into the solution of the question of negligence—it is so necessary to carefully examine all the circumstances making up the situation

in each case—that it must be a rare ·case of negligence which the court should take from a jury.''

This excavation, as I have hereinbefore said, immediately adjoined what would have been the sidewalk had it been extended over this railroad and it was more than probable that a pedestrian attempting to cross the railroad between the two ends of the sidewalk proper on a dark night would miss his way and fall into the excavation. Were it my province to draw the inference from the facts here in evidence, I would unhesitatingly say that the appellee was negligent in not making some provision reasonably calculated to prevent what here occurred. The appellee contemplated that pedestrians would continue to here cross its track and the two barriers at the ends of the fifty foot street paving, which obstructed only vehicular traffic, at most only admonished pedestrians to proceed with caution, and nothing here indicates that the appellant did not so do, unless it be said that he should have felt his way step by step, which, of course, is not the law.

**Roberds, J.**, concurs in this opinion.