WEBB, et al. *v.* BROCK, A MINOR, ETC.

No. 40568 November 18, 1957 98 So. 2d 139

156

*Snow & Covington,* Meridian, for appellants.

*Robert E. Covington, Jr.,* Quitman, for appellee.

GILLESPIE, J.

Appellee recovered judgment against appellant Webb and his servant, appellant Sanford, for personal injuries sustained in a collision between an automobile in which

appellee was a passenger and a water truck operated by appellant Sanford as servant of appellant Webb.

There were some conflicts in the testimony which were resolved in favor of appellee, for whom the jury found. Consequently, the facts must be stated in the light most favorable to appellee.

About ten months prior to October 8, 1954, the Board of Supervisors of Clarke County undertook to improve about five or six miles of a rural road known as the Carmichael-Quitman road. To this end, the County did the grading and putting on the stabilizer so as to make a base for the application of a bituminous surface.

The contract for surfacing the road was let to appellant Webb, who thereunder proceeded to break the surface to a depth of four inches, apply water to get the proper moisture content, and roll it to a certain density, then apply the surfacing material. The contract was not offered in evidence. It appears that on the date first herein stated, the date of the collision involved, the contractor's work had proceeded to the point where the road was about ready for the application of the primer coat of surfacing material. The roadbed was being sprinkled with water on the night of the accident. Webb had begun his work some days before October 8, 1954, and used on the job certain equipment and vehicles, including three tank trucks for watering the roadbed, four machines for rolling the surface, two tractors, a disc, and an asphalt distributor. The only vehicles in use on the road when the accident occurred were two or three water trucks.

The public traveled the road daily, and no effort was made on the part of the contractor, public officials, or anyone else, to regulate, control, or interfere with, traffic over the road. There were no warning signs, barriers, barricades, or other devices to warn the traveling public of dangerous conditions on the road. The public had free and unrestricted use of the road, although there was maintained at all times a sign at the termini of the

project about three feet by six feet in size, known as "project signs." These signs were located on the right of way but not on the traveled portion of the road. The proof does not disclose the exact wording of these signs, but it appears they showed a project number and a statement indicating the road was under construction with State and Federal aid. It fairly appears that these signs were not designed to restrict travel over the road, or to warn of danger.

It is undisputed that people in the vicinity who had occasion to use the road, including the driver of the automobile in which appellee was a passenger, and appellee, knew that the road was being prepared for paving.

■■ ■ The evidence supports the jury's finding that (1) no effort was made by the appellant Webb, the county, or anyone else, to prevent or control vehicular traffic over the road; (2) the general public continued to use the road up until the time of the accident without control or restriction; (3) the road was suitable for travel from one end to the other, and the surface was suitable for normal vehicular travel; (4) no one maintained barriers, barricades, signs, flares, or other warning devices, to warn the traveling public of any dangerous obstructions on the road; and (5) the "project number" signs at each end of the project were not so located or worded so as to serve as a warning of dangerous obstructions on the road.

On October 8, 1954, shortly before 10:30 P. M., appellee and three other young people left a church meeting by automobile and drove to the road which was under construction, entering the road a short distance north of Mack Tew's residence, where Patricia Tew got out of the car. Harold Bonner, who thereafter was driving, with appellee and another as passengers, proceeded south along the subject road. When they had gone about half a mile, and while driving about 30 or 35 miles per hour in a curve and ascending an incline, Bonner saw the lights

of another vehicle traveling north. The northbound vehicle was observed by Bonner when about 50 yards away. The northbound vehicle was a tank truck belonging to appellant Webb and driven by appellant Sanford. The tank truck was being operated on its lefthand side of the road at a speed of 5 to 7 miles per hour. The lights of the truck blinded Bonner to some extent and he could not determine what part of the road the truck was traveling. Bonner took his foot off the gas and kept his car on his extreme right side of the road. The truck and Bonner's automobile collided head-on. Appellee sustained personal injuries in the accident. The reason the truck was being operated on the left side of the road was to enable its driver to properly sprinkle the road and evenly place the water. This was accomplished by the driver of the truck opening his left door and looking backward to the rear of the truck where the sprinklers were attached.

The first assignment of error raises the question whether appellants were entitled to a peremptory charge. It is contended that Bonner, the driver of the automobile in which appellee was riding, failed to exercise the care required of one traveling a road under construction, and that his negligence was the sole proximate cause of the collision resulting in appellee's injuries.

Cited and relied upon by appellants are a number of cases, including Graves v. Hamilton, 177 So. 360, Graves v. Hamilton, 184 Miss. 239, 184 So. 56; Graves v. Johnson, 179 Miss. 465, 176 So. 256; Central Paving and Construction Company v. McCaskin, 183 Miss. 814, 184 So. 464; Gordon v. I. C. R. R. Co., 190 Miss. 789, 1 So. 2d 772; and Myers v. Sanders, 189 Miss. 198, 194 So. 300. In each of those cases the facts were entirely different from the facts in the present case.

 It is true that the highway was under construction, and Bonner knew it, that is to say, he knew it was being prepared for paving. But the existence of those two facts does not necessarily and of themselves absolve

appellants from negligence. The correlative duties of the contractor of a road under construction and a traveler on the road are determined by all the circumstances.

 Insofar as hazards such as the operation of the water truck here involved is concerned, as distinguished from surface conditions of the traveled portion of the highway as to which we are not here concerned, we hold that since the road was in general and unrestricted use as a highway, complete in all the respects for which all the public had a right to use such a thoroughfare, Bonner had the right to assume that the highway was free from such hazard or obstruction. His duty under the particular circumstances was to use ordinary care as to hazards such as the water truck constituted. We hold that Bonner was not bound to anticipate the presence of the water truck on the left side of the road. The mere fact alone that Bonner knew the road was under construction, that is, being prepared for paving, did not bind him to anticipate the kind of hazard he encountered nor put him on guard and under the obligation of vigilant caution to keep a constant lookout for such hazard. Cf. Graves v. Johnson, 179 Miss. 465, 176 So. 256. Bonner's duty to anticipate such hazards would have been of a different degree but for the fact that the road was open to general and unrestricted travel. A careful analysis of the rules laid down in Graves v. Johnson, supra, one defining the duty placed upon a traveler on a completed highway, and another as to the duty placed upon a traveler on a highway under construction, will reveal that what we have just said is not in conflict with what was there said.

 Under Section 8148(d), Mississippi Code of 1942, the operation of the truck by appellants was not a violation of the statute, and the duty of appellants in respect to such operation must be determined by the common law.

■■ As the contractor in charge of the construction of the road, appellant Webb was under the duty to warn the public of the hazards to be encountered when traveling the road. We would not undertake to say what warning devices should have been maintained. In general, it is sufficient to say that Webb should have maintained barriers, barricades, signs, or other warning devices readily and easily seen by those using the highway, and which would be sufficient in the eyes of the law to require a traveler on the highway to anticipate that at some near point in his progress he would encounter a truck in operation on its left side of the highway.

■■ As to whether Bonner fulfilled his duty to use ordinary care in the operation of his automobile, that is, whether he was negligent in failing to stop his automobile when he saw the lights of the water truck or otherwise failed to use ordinary care, we are not concerned, unless it can be said that his negligence was the sole proximate cause of the collision. We hold that Bonner's negligence, if any, was not the sole proximate cause of the collision. At least the jury was justified in so finding.

■■ The jury was amply justified in finding that appellant Webb failed to perform his duty to warn Bonner of the hazard encountered on the highway, and that such failure was negligence and a concurring proximate cause of the collision. The operation of the water truck in the nighttime in the manner stated, without any warning to the traveling public of its presence on the left side of the highway, was calculated to confuse the driver of an automobile meeting the truck. Appellants were bound to have anticipated that what did happen would probably happen.

Appellants were not entitled to a peremptory charge.

Appellants' second assignment of error complains of appellee's instruction No. 6. The main contention is that the instruction is a roving one and did not define what would constitute negligence, and comes within the

condemnation of such cases as McDonough Motor Express v. Spiers, 176 So. 723, 180 Miss. 78; Graham v. Brummett, 182 Miss. 580, 181 So. 721; Meridian City Lines v. Baker, 206 Miss. 58, 39 So. 2d 541; Byram v. Snowden, 224 Miss. 74, 79 So. 2d 541; Nehi Bottling Co. v. Jefferson, 84 So. 2d 684; N. O. & N. E. Railroad Co. v. Miles, 197 Miss. 846, 20 So. 2d 657.

The instruction told the jury it should find for the plaintiff if it believed from a preponderance of the evidence that defendant was guilty of negligence proximately contributing to the accident in the operation of the water truck at the time and place in question without giving the driver of plaintiff's car reasonable warning of the danger thereof. That was the essential issue in the case. The instruction could be improved upon but it was not reversible error to grant it.

The third assignment of error complains of the fifth instruction granted appellee. When this instruction is read with those given appellants, the jury could not have been misled.

Appellants assign no other error justifying discussion.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle* and *Arrington, JJ.,* concur.