**Houston Ellis PHIFER, Sr., et al., Plaintiffs-Appellants,**

v.

**T. L. JAMES AND COMPANY, INC., Defendant-Appellee.**

No. 74–2506.

United States Court of Appeals, Fifth Circuit.

May 23, 1975.

Rehearing Denied Aug. 20, 1975.

Harry R. Allen, David L. Cobb, Gulfport, Miss., for plaintiffs-appellants.

James M. McCarthy, Rae Bryant, Gulfport, Miss., for defendant-appellee.

Before GEWIN, DYER and ADAMS,[*] Circuit Judges.

PER CURIAM:

The question presented on this appeal is whether the district court correctly directed a verdict in favor of appellee T. L. James and Company, a highway construction corporation, because there was no evidence upon which it could be found guilty of negligence.

The facts are not hotly disputed. T. L. James and Company had two contracts with the state for construction of Interstate Highway 10 and surrounding interchanges near Biloxi, Mississippi— one for grading and one for paving. The grading contract was let in July of 1969 and was accepted by the state in October of 1972. The contractor could not officially begin work on the paving contract, however, until March of 1973, after it received notice to proceed from the state.

The accident forming the genesis of this complaint occurred on January 21, 1973, after the grading contract was complete but before paving had begun. Cynthia Phifer and her fiancee were driving along a portion of the Canal Road interchange when he struck a pothole that sent them careening into oncoming traffic. She was killed as a result of the accident, and her survivors brought suit against the contractor for negligently maintaining the construction site.

The pothole, approximately three feet long and eight inches deep, was located eighteen feet south of the geographical limits of either the grading or paving contracts. Thus, it would appear at first glance that T. L. James and Company had no responsibility over the pothole ei-

[*] Of the Third Circuit, sitting by designation.

ther geographically or temporally at the time of the accident. Appellants maintain, however, that because the contractor placed "wing barricades" at each end of the site beyond the geographical limits of the contracts that it exercised actual control over the pothole area.

Wing barricades are large oblong striped signs placed on the shoulders of the highway toward each end of the construction site. Project markers are often situated beside the barricades to announce the number of the project and the identity of the contractor performing work for the state. These barricades do not impede traffic in any sense, but serve to alert drivers to the fact that road construction is about to begin. T. L. James' safety engineer erected the wing barricades for this project when grading began, and they were not removed until the paving contract was completed in August of 1973. County maintenance employees ceased their repair operations at the barricades.

The accident-producing pothole was located between a wing barricade and the geographical starting point of the contract. There is no debate but that this section of the road was improperly maintained. The question before the district court was whether there was sufficient evidence of T. L. James and Company's *de facto* control over the area to present a jury question concerning the company's negligence. We hold there was not.

The polestar for our analysis is Boeing Company v. Shipman, 411 F.2d 365 (5th Cir. 1969), where this court stated:

> On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one

party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. *Id.* at 374.

■■■ Here there is no doubt that the company was between contracts at the time the accident occurred. The Supreme Court of Mississippi has held that a contractor's duty to maintain a road ceases when county engineers accept the construction and certify it for payment. Williams v. Sullivan, Long and Hagerty, Inc., 209 So.2d 618 (Miss.1968). It is also indisputable that the pothole was outside the contract area. The only possible indicium of *de facto* control by the contractor, therefore, was the placement of the barricades. There is no explanation in the record why the county did not perform repairs up to the geographical limits of the contract. Yet we believe it would be unduly burdensome to hold a contractor to a continuing duty to repair even when he is not performing work at the site.[1] It was not unreasonable to place the barricades a few feet in front of actual construction, in order that they might have some value as warning devices. Nor did the contractor act unreasonably in leaving the barricades standing between contracts, since construction had not yet terminated.

Wade v. Gray, 104 Miss. 151, 61 So. 168 (1913), cited by appellants, does not indicate a different result. In that case the contractor had a contract with the county to maintain all public roads. The court found he had a concomitant tort duty to the public to keep the road in good repair, and that a traveler could sue him for negligent performance of that duty. The extent of the contractor's duty was not the issue, while in this case that question lies at the heart of the litigation. To the same effect is Holmes v. T. M. Strider and Co., 186 Miss. 380, 189 So. 518 (1939). There the contractor had agreed to replace the guard rails of a bridge, and its negligent

---

1. Although appellants attempt to buttress their position by emphasizing that the contractor was working on a detour road near the interchange when the accident took place, the detour road was not part of the Canal Road construction site that forms the basis of the present action. The detour road was located on the opposite side of the highway.

replacement provided the grist for a tort action. Again, the scope of the contractor's duty was not in question.

■ The Supreme Court of Mississippi has stressed that the correlative duties of road contractor and traveler should be determined in light of all the surrounding circumstances. Webb v. Brock, 232 Miss. 154, 98 So.2d 139 (1957). In view of the accident's temporal occurrence between contracts and its geographical incidence outside the contract limits, the district court correctly held that the pothole was outside the range of the contractor's responsibilities.

The judgment of the district court is affirmed.