BULLARD *v.* CITIZENS NAT. BANK OF MERIDIAN.

(Division B. Jan. 4, 1937. Suggestion of Error Overruled, Feb. 15, 1937.)

[171 So. 540. No. 32474.]

**Graham & Graham,** of Meridian, for appellant.

738

**Wilbourn, Miller & Wilbourn,** of Meridian, for appellee.

Argued orally by **S. M. Graham,** for appellant, and by **C. C. Miller,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Lauderdale county against appellee to recover damages claimed to have been suffered by her because of alleged false and fraudulent representations made to her by appellee, which induced her to purchase from the appellee, National Union Mortgage Company, bonds of the face value of two thousand dollars. There was a trial resulting in a verdict and judgment in favor of the appellee, from which judgment appellant prosecutes this appeal.

These same bonds were involved, along with Central Securities Company bonds, Lookout Mountain Hotel bonds, and Town of Decatur bonds, in the case of Bullard v. Citizens' National Bank of Meridian, 173 Miss. 450, 160 So. 280, 162 So. 169, the parties in both suits being the same. That was an action in the chancery court to rescind the sale of the bonds and recover damages for the alleged fraud. As to the bonds here involved, the court held that appellant had waited too long—that the delay amounted to a ratification of the sale. The court also held, however, that a buyer who has been defrauded may elect to return the property and sue for damages for breach of contract at any time within the period allowed by the applicable statute of limitations. Thereupon appellant brought this action, treating the contract as affirmed, and seeking to recover as damages for the alleged fraud the difference between what she paid for the bonds and their actual value at the time of the discovery of such fraud. The evidence on behalf of appellant in the present case is substantially the same as it was in the former case.

R. L. Blanks was appellee's assistant cashier and bond salesman. It was through him that appellant purchased the bonds. Appellant, her daughter, Mrs. Bass, and her friend and physician, Dr. Cooper, testified that Blanks represented that the payment of the bonds was guaranteed by the United States Fidelity & Guaranty Company, the Maryland Casualty Company, and the Union Indemnity Company. Appellant testified that on the faith of the truth of those representations she purchased the bonds, that without them she would not have purchased them. The evidence showed without dispute that the payment of the bonds were not guaranteed by all or any of those surety companies, but were actually worth only something like half their face value.

Over appellant's objection the court admitted the testimony of Henry Broach, one of appellee's directors. He

testified that he had bought from appellee, through Blanks, National Union Mortgage Company bonds along with other bonds, and that Blanks made no representation with reference to payment of the bonds being guaranteed by any surety company. The objection to the testimony was on the ground that it was self-serving, and therefore incompetent. We are of the opinion that the objection was well founded. It is a well-established rule that a statement of a party to a cause, whether oral or written, which is of a self-serving nature is not admissible in his favor. A party cannot testify for himself out of court. 22 C. J., sec. 193, p. 220; Presley v. Quarles, 31 Miss. 151; Baker v. Kelly, 41 Miss. 696, 93 Am. Dec. 274; Whitfield v. Whitfield, 40 Miss. 352. In Presley v. Quarles, the court said that a party could not introduce his own declarations as evidence unless it be clearly shown that they were made in the presence and hearing of the other party. The same principle applies to the unsworn declarations of an agent or officer of a corporation. 22 C. J., secs. 194-196, p. 228.

The court gave the following instruction for the appellee.

"The court instructs the jury for the defendant, Citizens National Bank of Meridian, that the witness Dr. I. W. Cooper was selected by the plaintiff as her agent to act for her in finding an investment for her money, and that if they believe from the evidence that she relied in purchasing said bonds on him and his advice and not upon any statement made by Mr. Blanks, it will be the duty of the jury to find for the defendant bank." That action of the court is assigned and argued as error. We think it was. By the instruction the jury was informed that Dr. Cooper was appellant's agent to find an investment for her money, and that if the evidence showed she relied on his advice in purchasing the bonds and not upon the representations of Blanks, it should find for appellee. Although appellant testified that she relied

alone on the representations made by Blanks, there was evidence tending to show that she also relied on the advice of Dr. Cooper. The trouble with the instruction is it took away from the jury the consideration of the question whether Dr. Cooper relied on the false representations and that such reliance was the basis of his advice to appellant to purchase. The evidence showed that the representations were made by Blanks to appellant in the presence of Dr. Cooper and appellant's daughter, Mrs. Bass. If it be a fact that Dr. Cooper was appellant's agent to find an investment for her, and relying on such false representations advised her to purchase the bonds, thereby inducing her to do so, she would be defraudued as effectually under the law as if she relied directly on the representations of Blanks. In other words, the fraud perpetrated on her agent would be a fraud perpetrated on her.

Reversed and remanded.