## WALLACE v. BILLUPS.

(In Banc. February 23, 1948.)

[33 So. (2d) 819. No. 36696.]

854

V. B. Montgomery and W. D. Womack, both of Belzoni, and Bell & McBee, of Greenwood, for appellant.

H. T. Odom, Means Johnston, and W. M. Whittington, Jr., all of Greenwood, for appellee.

Argued orally by **V. B. Montgomery**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

The plaintiff, Pat Wallace, was seriously injured because of a collision between an automobile in which he was riding as a guest, and one driven by the defendant, Guy Billups, Jr. Several others were seriously injured in the collision, including the defendant and his companion, a young lady who died as a result of her injuries.

There was a trial on the merits of the case, at the conclusion of which there was a jury verdict in favor of the defendant, and the plaintiff appeals. .

The proof on behalf of the plaintiff disclosed that while they were traveling west in a Chevrolet automobile on Highway 82, near nine o'clock at night, at a speed of about thirty-five miles per hour, after having slowed down at the intersection of said Highway 82 and High-

way 61, near California Avenue which goes into the City of Leland, they met the defendant who was traveling east in a Packard automobile at a much faster rate of speed, and that the collision occurred as the Chevrolet was turning in a southwesterly direction in an effort to avoid colliding with the Packard in the north lane of the highway. The result was that the right side of the front end of each of the automobiles was completely demolished.

It appears further from the proof that the Packard came to rest across the center line of the twenty-foot paved highway, sitting at a northwesterly and southeasterly angle of from forty-five to ninety degrees, and for the most part in the north lane of the highway with the front end pointing to the southeast, and that the Chevrolet came to rest in a ditch on the south side of the entire right-of-way, and some distance to the southwest of the location of the Packard automobile.

The proof on behalf of the defendant was to the effect that the collision occurred in the south lane of the highway while the Packard was traveling east, and there were witnesses who testified for the defendant that there was a large oil grease spot about the middle of the south lane, and that there were drips of oil which connected this grease spot with another large one underneath the Packard automobile where it came to rest, and that there were skid marks of the Packard from the south lane into the north lane of the highway.

The plaintiff offered one M. D. Cleveland as a witness in chief to prove that the grease spots observed by him at about seven o'clock the next morning were in the north lane of the highway and that there were scratches and skid marks extending therefrom in a southwesterly direction to where the Chevrolet automobile came to a stop. An objection was made by the defendant to the introduction of this testimony, which was heard out of the presence of the jury, and the objection thereto was sustained. The plaintiff thereupon offered to introduce six other witnesses who would testify substantially to the same effect,

and the court ruled that their testimony would be incompetent. The action of the court in holding this testimony to be incompetent is assigned as error.

We shall not prolong this opinion by a discussion of Court decisions and the views of the text-writers as to the competency of this excluded evidence. We deem it sufficient to say that under the facts and circumstances disclosed by this record, the duration of time and the amount of traffic that may have intervened between the time of the collision and the hour at which these witnesses made their observations would go to the weight rather than the competency of their testimony. However, it should be noted that there is no suggestion that the grease spots on the highway were deposited there by a wrecker at the scene or that any other automobile may have made scratches and skid marks and scattered oil grease from the north lane of the highway all of the way across the south lane and toward the ditch where the Chevrolet automobile came to rest. Such may have been a mere possibility, and all of the facts and circumstances were for the consideration of the jury. The time cannot be held to be too remote as a matter of law since it is not unreasonable to suppose that the jury would have known that oil grease spots, skid marks and scratches would remain upon a concrete pavement throughout a clear and cold night.

Moreover, there is another ground on which the cause must be reversed. Instruction No. 5 for the defendant informed the jurors that they could not under their oaths "find a verdict in favor of plaintiff unless and until he has proven by a preponderance of the evidence that the defendant was guilty of negligence, and that such negligence was the sole, proximate cause of the injury complained of." It is true that there were other instructions, both for the plaintiff and the defendant, which stated that if the jury believed that the negligence of the defendant was a proximate or contributing cause of the accident the defendant would be liable, and we recognize the rule to be that all of the instructions must be con-

sidered together in determining whether or not the law has been fairly and correctly stated for the guidance of the jury. But this rule does not cure the fatal error in the instruction hereinbefore quoted from for the reason that it is contradictory of the other instructions, and it is entirely contrary to the law as to liability in such cases. The case must therefore be reversed and remanded for a new trial.

Reversed and remanded.