BYRAM *v.* SNOWDEN.

No. 39614          April 25, 1955          79 So. 2d 541

*Snow & Covington,* Meridian, for appellant.

*Nate S. Williamson, Lester F. Williamson,* Meridian; *S. E. McGee,* Hickory, for appellee.

ROBERDS, P. J.

The plaintiff below, appellee here, D. M. Snowden, recovered judgment for personal injuries against Marshall Byram, defendant below, appellant here. The suit grew out of an automobile collision at the intersection of 31st Avenue, which runs north and south, and 7th Street, which runs east and west, in the City of Meridian, Mississippi. The accident happened at night. The width of 31st Avenue is twenty feet from curb to curb and it is paved; 7th Street is about forty feet from curb to curb except that it is narrower to the west of the intersection with 31st Avenue. On the southeast corner of this intersection, there is a house built close to both the streets so that a person traveling north on 31st Avenue cannot see east on 7th Street until such person has nearly reached the intersection. Likewise, a person traveling west on 7th Street cannot see an automobile approaching the intersection from the south on 31st Avenue until the automobile on 31st Avenue has nearly reached the intersection.

Five persons were riding in the automobile in which appellee Snowden was riding as a passenger in the rear seat. This automobile was owned by one Teat and driven by one Ferguson; and it approached the intersection of 7th Street from the south, traveling north on 31st Avenue. The appellant's automobile was traveling west on 7th Street and was driven by appellant, with one passen-

ger, Harrod. The intersection is within the City of Meridian, and an ordinance declared 7th Street a boulevard and provided: ''At all street crossings on the above named boulevard, and at dangerous crossings on all other streets, appropriate traffic signs shall be maintained by the traffic engineer. Vehicles entering or crossing such boulevards or dangerous crossings shall stop before entering or crossing the same and proceed with caution . . . '' A stop sign had been erected and was being maintained on the right, or east, side of 31st Avenue at the entrance to the intersection with 7th Street.

The facts are in sharp dispute. The proof on behalf of the appellee was to the effect that the driver of the Teat automobile in which appellee was a passenger, approached 7th Street traveling north on 31st Avenue, at a speed of about 20 miles per hour; that as it approached 7th Street, Ferguson stopped at the stop sign, looked to the east and to the west, saw no car coming from either direction, and proceeded into the intersection when there was no traffic approaching from either east or west on 7th Street except an automobile coming over the hill to his right, or from the east, which he thought was so far away as to constitute no danger; that he again looked to the left and saw no traffic approaching; that when he was about in the center, or a little past the center, of the intersection, he again looked to the east and appellant's automobile was right on him a car length or two away; that appellant's automobile ran into the side of the northbound automobile and knocked it into a tree at the northwest corner of the intersection, from which the appellee suffered personal injuries.

The proof on behalf of the appellant was to the effect that he was driving west on 7th Street at a speed of 20 to 25 miles per hour as he approached the intersection with 31st Avenue; that he was looking ahead; that the Teat automobile came out of 31st Avenue with such speed that he did not see it until immediately before the collision; that there were skid marks made by the Teat

automobile beginning six feet south of the stop sign at the entrance to the intersection and ran some 28 feet into the intersection; that he, appellant, did not have time to apply his brakes but turned to the right, and his automobile was spun around and headed back east while the Teat automobile went northwest and hit a tree at the northwest corner of the intersection.

Without stating the evidence in further detail, the foregoing is sufficient for the purpose of considering the errors assigned. Except for the errors hereinafter considered, the jury was justified in accepting either theory of facts.

Appellant offered the testimony of K. D. Alsup, who lived on the corner of the intersection. He testified that he was in his upstairs apartment and he heard tires sliding and a ''split second'' later heard the crash of the collision of the two automobiles. He went out on the upstairs porch but did not go out to the street until the next morning. The lower court would not admit the testimony of Alsup that the next morning he saw skid marks beginning a little south of the stop sign on 31st Avenue and running north past the light (one hung over the intersection but was not burning at that time of night).

Appellant assigns as error the refusal of the lower court to admit this testimony. We must consider this tendered testimony in the light of the other evidence on the part of the parties. Policeman Stewart, who arrived at the scene of the accident a few minutes after it occurred, testified that shortly after the accident he observed skid marks beginning about six feet south of the stop sign, and which skid marks ran north to where the automobiles collided, a distance of 28 or 30 feet; that he stepped the distance. Appellant testified that the skid marks were from 7 to 10 feet long; that he saw Policeman Stewart step them off. None of the occupants of the Teat automobile testified as to the skid marks since they were all taken to the hospital in an ambulance, but their version of how Ferguson drove into the intersec-

tion was a denial of circumstances that would have permitted the Teat automobile to make the skid marks. So there was a sharp dispute of facts as to whether or not the Teat automobile made skid marks. Alsup testified that during the night he heard no other indications of a skidding automobile at the intersection prior to seeing the skid marks the next morning.

The court erred in not admitting the testimony of Alsup as to the skid marks. It should have been admitted because it would have corroborated Stewart's testimony on a sharply disputed question of fact, and one which was material on the question of liability. The accident happened about 11 o'clock at night. Alsup's observation of the skid marks was made the next morning. ██ ██ The time that elapsed between the happening of the accident and Alsup's observations would go to the weight rather than the competency of Alsup's testimony. Wallace v. Billups, 203 Miss. 853, 33 So. 2d 819.

██ ██ Appellant assigns as error the remarks of counsel for appellee during the argument to the jury, which was preserved by transcript and made a part of a special bill of exceptions. During the argument, appellee's counsel stated: "My friend, Joe Covington, said that we were here trying to take money out of the pocket of this defendant. Joe knows better than that. I can't understand why any man, regardless of how a case is to be paid and the source from which it is to be paid, would want to go to the extremes that the young man did, and that the man that was riding with him did, and that the police Stewart did. I can't understand why they would go to these extremes, but that is their business. I say to you that if and when this judgment is collected, I presume I will have some part in that undertaking, and it is not the intention of counsel for Mr. Snowden to take a dime out of the pocket of this defendant."

At this point, the other counsel for appellee, not then arguing to the jury, stated: "or a dime of his." Shortly thereafter, counsel for appellee stated: "Under the

circumstances of this case, I would have no hesitancy in handling a case against my closest friend or against my closest relatives. The conditions are such, the evidence is such, the admitted facts are such, that surely it is the sworn duty of the jury to render a verdict for this man here, the breadwinner for that good wife and the children.''

As to whether Mr. Covington, one of appellant's counsel, made the statement attributed to him in the argument to the jury made by appellee's counsel, we cannot decide. The testimony of Mr. Covington was not taken by the stenographer, but it could have been included in the special bill of exceptions; but since it was not so included, we do not have his statement to the jury to consider and determine if what he said justified appellee's counsel in stating that ''it was not the intention of counsel for Mr. Snowden to take a dime out of the pocket of this defendant.'' Therefore, the case of Snowden v. Webb, 217 Miss. 664, 64 So. 2d 745, is not applicable on the record before us. We are of the opinion that the statements of appellee's counsel could have had but one purpose and effect, and that was to inform the jury that some one other than the defendant would pay any judgment rendered. It was tantamount to stating to the jury that the defendant was protected by liability insurance, and was highly prejudicial. We are of the opinion that the trial judge should have sustained the motion for a mistrial. Odom, et al. v. Walker, 193 Miss. 862, 11 So. 2d 452; Peterman, et al. v. Gary, 210 Miss. 438, 49 So. 2d 828, and cases cited therein.

Appellant assigns as error the granting of numerous instructions to the plaintiff. These instructions are not numbered, and for identity of those discussed, we refer to them as if they had been numbered, number one being the one appearing first in the record, and so on. It would unduly lengthen this opinion to set out in full the instructions discussed.

Plaintiff's instruction number one was erroneous in that it failed to define the rights and duties of the respective parties upon approaching and entering the intersection; nor does it define what would constitute negligence of the defendant in failing "to see or observe the car in which the plaintiff was riding until the time of the collision between the two cars, or approximately at the time, or immediately before that time." The instruction also fails to take into account the duty on the part of the driver of the car in which plaintiff was riding to (1) stop at the stop sign, (2) proceed with caution, and (3) to yield the right of way to any vehicle that had either entered the intersection from the through street (7th Street) before the car in which plaintiff was riding had entered the intersection, or which had approached so closely thereto from the through street as to constitute an immediate hazard. Jones v. Carter, 192 Miss. 603, 7 So. 2d 519.

Plaintiff's instruction number two is erroneous in that it is an abstract statement of law and incorrectly stated the rule as to who had the right of way. It informed the jury that the first one to get to the intersection had the right of way without regard to the duties imposed by the ordinance and stop sign.

Plaintiff's instruction number four disregarded the facts of the case as to the relative rights and duties at the intersection, and did not state what would constitute negligence for which defendant could be held liable.

Plaintiff's instruction number five is erroneous in that it furnished the jury no guide as to what would constitute negligence, and left the jury to decide for themselves what act or acts would constitute negligence.

Plaintiff's instruction number eight contained an incorrect statement of law. It instructed the jury that if the automobile in which plaintiff was riding reached and entered the intersection before any other automobile, then the automobile in which plaintiff was riding had the right of way. This ignores the law as to the duty of the driver of the Teat automobile to stop before enter-

ing the intersection, and not to enter the intersection if the defendant's automobile had approached so closely thereto from the through street as to create an immediate hazard.

Plaintiff's instruction number nine was error for the reasons stated in reference to plaintiff's instruction number five. The instruction also made defendant liable if his negligence was a "substantial factor in bringing about harm to the plaintiff," which was calculated to confuse the jury. "A substantial factor in bringing about harm to the plaintiff" is not the legal test of defendant's liability. The material question was whether or not defendant's negligence proximately caused or proximately contributed to the plaintiff's injuries.

Plaintiff's instruction number ten is a legal abstraction and is subject to the criticism that it affords an insufficient guide to the jury under the facts of the case; we cannot say, however, that it was reversible error but for the fact that it included the word "corporation," and no corporation was a defendant in the case.

Plaintiff's instruction number twelve is erroneous in that it advised the jury that it was negligence if defendant failed to see the automobile in which plaintiff was riding until the time of the collision or immediately before and approximately at the time of the collision. The defendant's theory of the facts was that the Teat automobile skidded into the intersection suddenly and at a high rate of speed, and if the jury should find for the defendant on his theory of the facts, the failure of defendant to see the Teat automobile until "immediately before" the collision would not necessarily constitute negligence on the part of the defendant.

Summarizing, most of the instructions which we have discussed fall into one or more of the following classifications: (1) Legal abstractions which constitute an insufficient guide to the jury (See cases in footnote, Sec. 52, Miss. Jury Instructions, Alexander, Vol. 1); (2) abstract statements of law which are incorrect in princi-

ple; (3) instructions which authorized the jury to find for plaintiff if the defendant was negligent without confining the jury to the grounds of negligence alleged and which were supported by substantial proof, thereby leaving the jury free to determine what would constitute negligence. Meridian City Lines v. Baker, 206 Miss. 58, 39 So. 2d 541; 8 A. L. R. 2d 854; (4) instructions which ignore the right and duties of the parties at the intersection involved; and (5) instructions which are inapplicable to the facts of this case.

The foregoing errors necessitate a reversal and remand of the case for another trial.

Reversed and remanded.

*Hall, Kyle, Holmes* and *Gillespie, JJ.,* concur.