## MORRIS *v.* HUFF, et al.

No. 41322          February 8, 1960          117 So. 2d 800

*Heidelberg, Woodliff, Castle & Franks, Scott Tenny-son,* Jackson, for appellant.

114

*Crisler, Crisler & Bowling,* Jackson; *John C. McLaurin,* Brandon, for appellees.

116

Arrington, J.

The six adult children of Mrs. Nannie B. Huff brought this suit against Sylvester Morris to recover damages for her alleged wrongful death. There was a verdict for appellees in the sum of $49,457.50, from which judgment this appeal is taken.

A former suit against the appellant Morris and Vera Mae Cox resulted in a nonsuit being taken by appellees, and Vera Mae Cox compromised and settled by paying the sum of $5,000. The record in the former suit was introduced and made a part of the present record.

Mrs. Huff, the deceased, was killed as a result of a collision between a log truck driven by the appellant Morris and a pickup truck driven by Vera Mae Cox, in which truck her mother and grandmother, the deceased, were riding. The accident occurred about 1:30 P. M. on August 22, 1957, on the Johns-Brandon road in Rankin County. This was a narrow country road and the collision was practically head-on. The appellees charged that Morris, the appellant, was driving the log truck in a northwesterly direction in a grossly negligent manner; that he was driving at a dangerous and reckless rate of speed; that he failed to apply his brakes and failed to reasonably turn his vehicle to his right upon meeting the vehicle driven by Vera Mae Cox, in which the deceased was riding; that he was blinded by the dust of a vehicle which he was following.

The appellant answered and denied that he was guilty of any negligence whatsoever, also setting up the com-

promise settlement of Vera Mae Cox in the former suit in the amount of $5,000, and that the appellant was entitled to credit for that amount.

The appellant argues a number of assignments of error, among them being that he was entitled to a directed verdict. The testimony in the case was highly conflicting. Also a number of photographs portraying the scene of the collision and the vehicles after the collision were introduced in evidence. We are of the opinion that the court correctly refused the requested peremptory instruction and that the case was a typical one for the determination of the jury. Section 1455, Mississippi Code of 1942, provides: "All questions of negligence and contributory negligence shall be for the jury to determine."

The appellant also contends that the court erred in overruling his motion for a new trial for the reason that the verdict was grossly excessive. We do not pass upon this question since this cause will have to be reversed and remanded for another trial.

It is also contended that the court erred in granting a punitive damage instruction. After a careful review and examination of the record, we are of the opinion that under the facts in the present record this was not a case for punitive damages. Belk v. Rosamond, 213 Miss. 633, 57 So. 2d 461.

The appellant also argues that the court erred in refusing the following instruction: "The Court instructs the jury for the Defendant, Sylvester Morris, that Vera Sue Cox was guilty of negligence in driving her truck into her left lane of traffic so that it collided with the truck driven by the defendant, and if you believe that the negligence of Vera Sue Cox was the sole proximate cause of the collision, then you must return a verdict for the defendant." We are of the opinion that the court correctly refused this instruction.

■■■ The appellant next argues that the court erred in overruling appellant's motion for a mistrial following the injection of liability insurance into the case by counsel for appellees. The record reveals that upon the cross-examination of G. H. Kennedy by appellees' counsel it was shown that the truck operated by the appellant Morris at the time of the collision was owned by G. H. and C. H. Kennedy, and that Morris was their servant. Mr. Kennedy was asked the following questions:

"Q. Now, neither one of you are defendants in this case, are you?

"A. I don't know, sir. I don't reckon we are.

"Q. Mr. Kennedy, you know you are not a defendant in this lawsuit? (Objection by counsel for defend was overruled by the court).

"Q. Mr. Kennedy, you know for a fact that you are not a defendant in this lawsuit, don't you?

"A. All right.

"Q. You will agree with that, won't you?

"A. All right.

"Q. And you agree that the judgment against Ned Morris here, you won't have to pay a penny of it?

(Objection by appellant's counsel).

"A. Yes, sir. I'll have to pay it.

The objection was sustained by the court and then counsel for appellant made a motion for a mistrial, but this was overruled. According to a bill of exceptions, counsel for appellant objected to argument of appellees' counsel pertaining to matters of conduct of appellant's attorney. To this objection, the court responded:

"BY THE COURT: Mr. Bowling, stay within the record. Gentlemen of the jury, you will disregard this statement made by Mr. Bowling in his opening argument. Objection is overruled and so is the motion.

"BY MR. BOWLING: Gentlemen, you know that Mr. Kennedy told you that they are not defendants in

this case. He told you on the witness stand, and I covenant with you, in any judgment rendered in this case the Kennedys will not have to pay one penny even though they own the truck.

"BY MR. WOODLIFF: We object to that argument also for the same reason and move that the jury be instructed to disregard the argument.

"BY THE COURT: Gentlemen of the jury, you will disregard that statement by Mr. Bowling. Mr. Bowling, stay within the record, the objection is overruled."

Whereupon a motion for mistrial was made by appellant's attorney, which was overruled by the court.

The appellees contend that the appellant's counsel brought about everything that was said or done by appellees' counsel on his direct examination of Kennedy. We have carefully examined this testimony and find that it reveals that the appellant Morris had worked for Mr. Kennedy as a servant and laborer for over a period of twenty years. Furthermore, the pleadings in the case and the second question asked Morris, who was called as an adverse witness, was that he was the only defendant in the case and this fact was known to the jury. The statement by appellees' counsel to the jury that he would covenant with them that any judgment rendered in the case "the Kennedys will not have to pay one penny, even though they own the truck" was highly prejudicial and reversible error. The appellees seek to justify the remarks by the holding of the court in the case of Snowden v. Webb, 217 Miss. 664, 64 So. 2d 745. That case is not applicable here, as we held there that the plaintiff's attorney was justified in his remarks by what was said first by the defendant's counsel. Further, the bill of exceptions shows that the court twice admonished counsel to stay within the record and further instructed the jury to disregard his statements, although he overruled the objection.

██ █ We are of the opinion that counsel for appellees brought this upon himself, first, by his cross-examination of Kennedy, and later in his argument to the jury, and that counsel for appellant did not invite the cross-examination or the argument before the jury. Since the record shows that the defendant was a common laborer and servant of the Kennedys, and there being no suggestion that the Kennedys were parties to the suit, the cross-examination of Kennedy as to whether he was a party and whether he would have to pay the judgment was not called for by any issue in the case. Counsel for appellees, over repeated objections, elicited the response from Kennedy that he would have to pay the judgment. The covenant counsel for appellee made to the jury in his argument was not in response to anything appellant's counsel did, but what appellees' counsel developed. As was said in Byram v. Snowden, 224 Miss. 74, 79 So. 2d 541, the statements of counsel for appellees in his argument could have but one purpose and effect, and that was that someone other than the Kennedys would pay the judgment. The sole defendant was shown by the record to be a common laborer for twenty years, and the jury would know as a practical matter that he could not pay it. The whole effect was that there was liability insurance behind the defendant.

We are of the opinion that the cross-examination of appellant when called as an adverse witness was calculated to threaten and intimidate him, although we do not say this is a reversible error, and we mention it so that it may be avoided on another trial. We also hold that the lower court erred in not sustaining the motion for a mistrial.

It follows from what we have said that the cause is reversed and remanded for another trial.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.