# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CT-00257-SCT

*DEWEY W. SMITH AND SYLVIA G. SMITH*

*v.*

*HATTIE CRAWFORD*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/22/2003 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS HENRY FREELAND, III |
| | THOMAS A. COLEMAN |
| ATTORNEY FOR APPELLEE: | TIMOTHY D. MOORE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 07/20/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

### FACTS AND PROCEDURAL HISTORY

¶1.     This case on certiorari arises from a personal injury action filed by Dewey and Sylvia Smith against Hattie Crawford.[1]   Dewey Smith and Hattie Crawford were involved in a motor

---

[1] The facts presented here come largely from those noted by the Mississippi Court of Appeals.  *See **Smith v. Crawford***, 2005 Miss. App. LEXIS 601, at \*1-3 (Miss. Ct. App. Sept. 6, 2005).

vehicle accident. Because Crawford admitted fault, there was no issue as to responsibility for the accident. The only issue at trial was the amount of damages owed.

¶2. During trial, Crawford's attorney stated during his closing argument that "while Mrs. Crawford wanted the Smiths to be compensated for any damages that were caused by her admitted negligence, she did not want to pay for or be responsible for any damage which her negligence did not cause." The Smiths' attorney did not object to this statement when it was made. Instead, the Smiths' attorney responded in kind during his own closing argument by saying: "I covenant with the jury that not a dime of any sum the jury might award the Smiths would come from the pocket of Mrs. Crawford."[2]

¶3. Crawford objected to the statement made by the Smiths' counsel and asked for a mistrial, which the circuit judge denied. Instead, the circuit judge instructed the jury to disregard the statement made by the Smiths' counsel. At the close of trial, the jury awarded the Smiths $3,213 in damages. The Smiths appealed, arguing that the trial court's instruction to the jury to disregard the statement constituted reversible error and that their motion for a new trial should have been granted.

¶4. The Court of Appeals, in a 5-3-1 decision, reversed and remanded for a new trial, stating because Crawford's statement was an impermissible reference to liability insurance, the Smiths' statement was a justified response, and thus the trial judge erred when he told the jury

---

[2] The court reporter was not present for closing arguments, so there is no transcript of exactly what each attorney said. However, both parties agree that those statements were substantially similar to what appears here and in the Court of Appeals' opinion.

to disregard Smith's statement. *Smith*, 2005 Miss. App. LEXIS 601 at *6-10. Aggrieved, Crawford timely filed a petition for certiorari, which this Court granted.

## STANDARD OF REVIEW

¶5. The issue on appeal is whether the Court of Appeals properly reversed the circuit judge's order denying the Smiths' motion for a new trial. The standard of review for considering a trial court's decision denying a motion for a new trial is whether the trial court abused it discretion. *Pool ex rel. Poole v. Avara*, 908 So. 2d 716, 726 (Miss. 2005); *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31, 55 (Miss. 2004).

## ANALYSIS

### I. WHETHER THE COURT OF APPEALS ERRED WHEN IT CLASSIFIED A STATEMENT MADE BY DEFENSE COUNSEL AS AN IMPERMISSIBLE REFERENCE TO INSURANCE COVERAGE.

¶6. As the Court of Appeals correctly pointed out, there are numerous Mississippi cases which stand for the proposition that references to liability insurance are generally impermissible and constitute reversible error. *See Jackson v. Daley*, 739 So. 2d 1031, 1039 (Miss. 1999); *Morris v. Huff*, 238 Miss. 111, 117-20, 117 So. 2d 800, 802-03 (1960); *Snowden v. Skipper*, 230 Miss. 684, 697, 93 So. 2d 834, 840 (1957); *Avent v. Tucker*, 188 Miss. 207, 225-26, 194 So. 596, 602 (1940); *Herrin v. Daly*, 80 Miss. 340, 341-42, 31 So. 790, 791 (1902).

¶7. However, this Court has made one exception to this general prohibition. Where a defendant makes an impermissible statement intimating that he does not have insurance, the

3

plaintiff is justified to inform the jury just the opposite. ***Snowden v. Webb***, 217 Miss. 664, 674-76, 64 So. 2d 745, 750-51 (1953). In ***Snowden***, the defense counsel told the jury that any verdict returned would have to be paid out of his client's wages. ***Id***. at 674, 64 So. 2d at 750. Plaintiff's counsel then informed the jury that "not one cent of this would come out of Mr. Snowden's pocket or wages." ***Id***. at 674, 64 So. 2d at 749. The trial court sustained the defense's objection and instructed the jury to disregard the remark. ***Id***. at 676, 64 So. 2d at 751. On appeal, this Court held that the response by plaintiff's counsel was justified and did not constitute reversible error, especially since the circuit judge instructed the jury to disregard the statement. ***Id***.

¶8.     Contrary to the Court of Appeals' finding, we find the statement by Crawford's attorney did not rise to the level of language used by the defendant's attorney in ***Snowden***. The statement made by Crawford's attorney did not intimate that Crawford lacked insurance, but instead simply suggested that "Crawford, like any defendant, did not want to be held responsible for damages which she did not cause." ***Smith***, 2005 WL 2140858, at *4 (Lee, P.J., dissenting). *But see **Morris***, 238 Miss. at 119-120, 117 So. 2d at 802-03 (question by plaintiff's counsel as to whether the owner of an automobile would have to pay a judgment, as well as a statement by plaintiff's counsel that "the [owners] will not have to pay one penny even though they own the truck" was improper and constituted reversible error.) Furthermore, the Court of Appeals' holding has an unintended effect of preventing a defendant from arguing that

4

she should not be held responsible for pre-existing damage or damage she did not cause. *Smith*, 2005 WL 2140858, at \*4 (Lee, P.J., dissenting).

¶9.     The decision in *Snowden* was based on the finding that the defendant's statement was an impermissible reference to liability insurance. *Snowden*, 217 Miss. 664 at 676, 64 So. 2d at 750.    Here, we find Crawford's attorney did not reference liability insurance.    Thus, the comment by Crawford's defense counsel did not open the door to discussing the issue of insurance.    As such, the remark by the Smiths' counsel was improper, contrary to the Smiths' assertion based on *Snowden*.    Because the facts in the case at bar are distinguishable, the holding in *Snowden* is not applicable to this case.

¶10.    The next question becomes whether the response by the Smiths' attorney, "I covenant with the jury that not a dime of any sum the jury might award the Smiths would come from the pocket of Mrs. Crawford," constituted reversible error.    Normally, a party's reference to or intimation that the other party carries or is without liability insurance is improper and constitutes reversible error.    However, because we find the comment made by Crawford's attorney was not a reference to insurance, the Smiths' argument, that the trial judge erred when he instructed the jury to disregard the Smiths' statement of their counsel, is without merit. Moreover, if this Court were to find that the remark by the Smiths' attorney constitutes reversible error, this Court would effectively allow the Smiths to benefit from their own mistake, as the Smiths originally appealed the circuit judge's ruling.

**CONCLUSION**

¶11.     This Court finds that the *Snowden* case is not applicable to the case at bar. Unlike *Snowden*, the comment made by defense counsel in the case at bar did not constitute a reference or insinuation that the defendant either carried or lacked insurance. Therefore, the remark made by plaintiffs' counsel was improper. Finding no abuse of discretion on the part of the circuit judge, we reverse the judgment of the Court of Appeals and reinstate and affirm the trial court's judgment.

¶12.     **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

     **WALLER AND COBB, P.JJ., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, J.**

     **DIAZ, JUSTICE, DISSENTING:**

¶13.     Because I agree with the Court of Appeals that defense counsel's statement constituted an impermissible reference to liability insurance, I respectfully dissent. As noted by this Court, when a defendant implies that she lacks liability insurance, the plaintiff is entitled to correct the statement. *Snowden v. Webb*, 217 Miss. 664, 675-76, 64 So.2d 745, 750-51 (1953). In this case, the statement by Crawford's counsel clearly indicated that she was without insurance. Any reasonable juror would have interpreted the words "pay for or be responsible for" to mean that Crawford would be *personally* liable for any damages. As such, the plaintiff should have been permitted to "remove the sting and effect of such an argument." *Id.* at 676, 64 So. 2d at 751. The trial court committed reversible error by instructing the jury

6

to disregard the reply of counsel for the plaintiffs. For these reasons, I would uphold the decision of the Court of Appeals to reverse and remand.

**GRAVES, J., JOINS THIS OPINION.**