937 So.2d 451 (2006)
Dewey W. SMITH and Sylvia G. Smith, Appellant
v.
Hattie CRAWFORD, Appellee.
No. 2004-CA-00257-COA.
Court of Appeals of Mississippi.
September 6, 2005.
Rehearing Denied January 17, 2006.
Thomas Henry Freeland, Thomas A. Coleman, Jackson, attorneys for appellant.
Timothy D. Moore, Jackson, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
*452 IRVING, J., for the Court.
¶ 1. This appeal arises from a personal injury action by Dewey and Sylvia Smith against Hattie Crawford. At the trial below, Crawford's attorney suggested during his closing argument that Crawford did not have liability insurance in that she would be personably responsible for paying whatever amount the jury determined that she owed. The Smiths' attorney then told the jury during his closing argument that Crawford would not personally pay for any judgment against her. The trial judge instructed the jury to disregard this statement. Feeling aggrieved, the Smiths now appeal, asserting that the judge's instruction to the jury to disregard the statement constituted reversible error. We agree and reverse and remand for a new trial consistent with this opinion.

FACTS
¶ 2. Dewey Smith and Hattie Crawford were involved in a motor vehicle accident. There is no issue as to responsibility for the accident because Crawford admits the accident was her fault. Therefore, the only issue below was as to damages. During closing argument, Crawford's attorney stated that "while Mrs. Crawford wanted the Smiths to be compensated for any damages that were caused by her admitted negligence, she did not want to pay for or be responsible for any damage which her negligence did not cause." The Smiths' counsel did not object to this statement when it was made, but chose instead to respond in kind during his own closing argument by saying: "I covenant with the jury that not a dime of any sum the jury might award the Smiths would come from the pocket of Mrs. Crawford." Crawford objected to this statement and asked for a mistrial.[1] The trial court did not grant a mistrial, but did instruct the jury to disregard the statement. At the close of the trial, the jury awarded Smith $3,213 in damages. Smith's wife also alleged damages due to loss of consortium, but the jury awarded her nothing. The Smiths appeal, contending that the court's instruction to the jury to disregard the statement constitutes reversible error and that their motion for a new trial should have been granted.

STANDARD OF REVIEW
¶ 3. Since the Smiths are appealing from an order denying their motion for a new trial, the standard of review is whether or not there was an abuse of discretion in failing to grant a new trial. Sports Page, Inc. v. Punzo, 900 So.2d 1193(¶ 10) (Miss.Ct.App.2004) (citing Redhead v. Entergy Miss., Inc., 828 So.2d 801(¶ 11) (Miss.Ct.App.2001)).

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. Although there are numerous cases addressing the impermissibility of references to liability insurance in Mississippi, there is no case directly on point with the issue now before us. Under well-established Mississippi law, references to liability insurance are generally impermissible and constitute reversible error. See Jackson v. Daley, 739 So.2d 1031(¶ 27) (Miss.1999); Morris v. Huff, 238 Miss. 111, 117-20, 117 So.2d 800, 802-03 (1960); Snowden v. Skipper, 230 Miss. 684, 697, 93 So.2d 834, 840 (1957); Herrin v. Daly, 80 Miss. 340, 341-42, 31 So. 790, 791 (1902); Toche v. Killebrew, 734 So.2d 276(¶ 21) (Miss.Ct.App.1999). This prohibition includes not only references or intimations to the jury by a plaintiff that a defendant carries liability insurance (and thus the jury should feel free to return a large *453 judgment for the plaintiff), but also references or intimations by a defendant that he lacks insurance (and thus will have to pay out of his own pocket any judgment returned by the jury). Avent v. Tucker, 188 Miss. 207, 225-26, 194 So. 596, 602 (Miss.1940).
¶ 5. Mississippi case law has also established that when an impermissible reference is made by the defendant intimating that he has no insurance, the plaintiff is justified in responding in kind by informing the jury that the defendant will not personally pay the judgment rendered. Snowden v. Webb, 217 Miss. 664, 674-76, 64 So.2d 745, 750-51 (1953). In Snowden, the defendant's counsel told the jury that any verdict returned would come out of his client's wages. Plaintiff's counsel did not object when this statement was made, but instead told the jury: "And [defendant's counsel] said to you that any verdict would come out of Mr. Snowden's wages. I covenant with you gentlemen that not one cent of this would come out of Mr. Snowden's pocket or wages." Id. at 674, 64 So.2d 745, 64 So.2d at 749. At that time, the defendant objected. The trial court sustained the objection and instructed the jury to disregard the remarks by plaintiff's counsel. Id., 64 So.2d at 749-50. After trial, the defendant appealed the judgment on the grounds that a mistrial should have been granted due to the remark by plaintiff's counsel. The Mississippi Supreme Court held that the remarks by plaintiff's counsel were justified and thus did not constitute reversible error, especially since the judge instructed the jury to disregard the remarks. Id. at 675-76, 64 So.2d at 750-51. Thus, Snowden established that plaintiff's counsel is justified in responding in kind when a defendant improperly tells the jury that he has no insurance, but did not reach the question now before this court: does a trial court's instruction to a jury to disregard a justified remark by plaintiff's counsel constitute reversible error?
¶ 6. The statement by Crawford's counsel that she "did not want to pay for or be responsible for any damage which her negligence did not cause" constituted an impermissible reference to liability insurance. Counsel for the Smiths then made a tactical decision by choosing not to object to this statement. The Smiths' counsel instead waited until his own closing argument, when he told the jury that Crawford would not personally have to pay for any portion of any judgment returned against her. Under Snowden, the Smiths' counsel was justified in making this remark: Crawford's counsel had opened the door to such an attack during his own closing argument by making an impermissible intimation to the jury that his client would be personally paying for any judgment returned against her. The trial judge was therefore clearly incorrect when he told the jury to disregard the remark made by the Smiths' counsel. The question that remains is whether this error constitutes reversible error.
¶ 7. "It would be manifestly unfair to permit a defendant in a damage suit to show that he carried no insurance and whatever verdict was rendered would be enforced upon him personally." Avent, 188 Miss. 207, 194 So. at 602. Any intimation that a defendant will have to personally pay creates a serious risk that a jury will diminish whatever damages it renders because of sympathy for the defendant. The court in Snowden found that "[c]ounsel for plaintiff had to do something to remove the sting and effect of such an argument and his reply was invited by the remarks of counsel for defendant. We think he was justified in saying to the jury just what he did say. . . ." Snowden, 217 Miss. at 676, 64 So.2d at 751. Counsel for *454 the Smiths was similarly justified in making the statement that he did during the case sub judice. Therefore, the court should not have told the jury to exclude the statement. Doing so constituted an abuse of the trial court's discretion and reversible error, as it allowed Crawford's intimation that she possessed no liability insurance to stand before the jury alone without any response from the Smiths.
¶ 8. Crawford asks us to find that the jury's award is most likely based on other evidence in the record. While this may be true, it is not the place of this court to attempt to reach inside the minds of the jurors and guess what they were thinking as they chose their judgment. On the record before us, reversible error was committed when the Smiths' response to Crawford's impermissible argument was excluded.
¶ 9. The dissent argues that we misinterpret the meaning of Crawford's attorney's statement. In the view of the dissent, the statement "does not intimate that Crawford lacked insurance." The dissent views the statement as nothing more than an indication "that Crawford, like any defendant, did not want to be held responsible for damages which she did not cause." Apparently, the dissent overlooks the fact that Crawford admitted liability, as well as the undisputed fact that the Smiths suffered some damages as a result of Crawford's negligence. If Crawford's attorney really was arguing that the damages claimed by the Smiths were caused by someone else, then surely he would not have admitted liability, or if he was trying to make the argument that only a part of the Smiths's damages was caused by Crawford, then surely he would have restricted his argument accordingly. The language  while Mrs. Crawford wants the Smiths to be compensated for any damages that were caused by her admitted negligence, she does not want to pay for or be responsible for any damage which her negligence did not cause  is, in our opinion, clear and unambiguous. Would a reasonable interpretation of the statement lead an ordinary and reasonable person to believe that Crawford would personally pay for the damages that her negligence did cause, thus indicating that she did not have liability insurance to cover the damages? We think so.
¶ 10. For the foregoing reasons, this case is reversed and remanded for a new trial on damages only.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS HEREBY REVERSED AND REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., CHANDLER, BARNES AND ISHEE, JJ., CONCUR. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, P.J., AND MYERS, J. GRIFFIS, J., NOT PARTICIPATING.
LEE, P.J., Dissenting.
¶ 12. While I agree with the majority that under Mississippi law it is reversible error to insinuate that a party either possesses or lacks insurance, I do not agree that the actions of Crawford's attorney rise to the level of the actions of the attorneys in the cases relied upon by the majority, and I must respectfully dissent.
¶ 13. The majority relies upon Snowden v. Webb, 217 Miss. 664, 674-76, 64 So.2d 745, 750-51 (1953), wherein the defendant's attorney told the jury in closing arguments that any verdict would have to be paid out of the defendant's wages. The plaintiff's attorney rebutted this statement with a promise that "not one cent of this would *455 come out of Snowden's pocket." As the majority correctly notes, the Mississippi Supreme Court opined that the plaintiff's attorney did not err in retaliating with his promise that Snowden would not personally have to pay the damages.
¶ 14. Nevertheless, I do not agree that the statement by Crawford's attorney that Crawford "did not want to pay for or be responsible for any damage which her negligence did not cause" rises to the level of the language used by the defendant's attorney in Snowden. This statement does not intimate that Crawford lacked insurance; the statement clearly indicates that Crawford, like any defendant, did not want to be held responsible for damages which she did not cause. The majority argues that I overlook the fact that Crawford admitted liability, as well as the fact that Smith suffered some damage as a result of Crawford's negligence. Regardless of the fact that Crawford admitted liability and that it is clear that Smith suffered injury, do these facts preclude Crawford from arguing that she only wants to be held responsible for the damage she caused? The logical extension of the majority's holding is that a defendant may not argue to the jury that she should not be held responsible for pre-existing damage or even damage she did not cause.
¶ 15. I disagree that this statement presented an impermissible inference which would necessitate action by Smith's attorney to "remove the sting and effect" of the argument. Quite simply, there was no sting.
¶ 16. It logically follows that because Crawford's attorney did not open the door to discussing the issue of insurance, the comment by Smith's attorney was improper, and the trial court correctly instructed the jury to disregard the statement.
¶ 17. I am reminded of our standard of review as succinctly stated by the majority: we review to determine whether there was an abuse of discretion in failing to grant a new trial. Sports Page, Inc. v. Punzo, 900 So.2d 1193(¶ 10) (Miss.Ct.App. 2004). However, I am also reminded that we are to give great deference to the trial court's ruling on a motion for new trial, and "we will only reverse if the verdict shocks the conscience of the court or represents a miscarriage of justice." Id. Such is not presented in the case sub judice.
¶ 18. Accordingly, I must respectfully dissent.
BRIDGES, P.J., AND MYERS, J., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] Crawford later withdrew her motion for a mistrial.