ON WRIT OF CERTIORARI

DICKINSON, Presiding Justice,
for the Court:
¶ 1. The plaintiff in this automobile-accident lawsuit sued her underinsured-motorist insurance carrier. Even though the UM carrier admitted liability and agreed to pay any damages awarded at trial that exceeded available liability coverage, the plaintiff insisted on informing the jury of the insurance company’s status as a defendant. The trial judge refused to allow it. We affirm.
FACTS AND PROCEDURAL HISTORY
¶2. Stephen Merrill crashed into the back of Cheri and Mike Heflin’s automobile. Cheri sued Merrill’s estate[1] and her underinsured-motorist carrier, Nationwide Insurance Company. Before trial, Nationwide admitted liability and offered to stipulate in writing that Cheri was an insured under its policy, and that it would be responsible for payment of a final judgment in .excess of Merrill’s liability coverage. Nationwide then moved to exclude any reference before the jury to its role, and to exclude any evidence that Cheri’s car had underinsured motorist coverage. The trial granted the motion, finding that
[wjhether or not UM coverage exists is not relevant. And it’s the court’s opinion that introducing- that issue along with the existence of Nationwide Insur-anee Company to the jury would poten *860 tially prejudice that jury as to a determination of damages.
¶3. During the trial, the judge sustained two defense evidentiary objections to Merrill’s statement about being sorry for the accident and Mike’s opinion about how fast Merrill’s car was going.
¶ 4. Mike was prepared to testify that after the accident Merrill said, “God, I’m sorry, it was my fault.” The defense made a hearsay objection and the trial judge ultimately sustained the objection. The trial judge acknowledged that the statement was not hearsay[2] but still excluded it, because “the person who made the statement is now deceased and [ ] the defendant has admitted liability, I feel the statement, if introduced to the jury, will serve only to inflame and confuse as to the issues.”
¶ 5. Mike also was prepared to give his opinion of Merrill’s speed before the accident. The plaintiff argued that Mike was uniquely qualified to give this lay opinion based on his “experience in [ ] dealing with wrecks in the past in the process of pursing claims in his role as a Nationwide auto insurance agent,” and as a result of the “many wrecks he’s been involved in and how many claims he’s filed.” The trial judge also excluded this testimony.
¶ 6. After the jury awarded Cheri $32,-500 — well under Merrill’s liability policy limits — Cheri filed a motion for a new trial or additur. The trial court denied the motions.
¶ 7. Cheri appealed, arguing that the trial court erred by not disclosing Nationwide’s identity, sustaining the two eviden-tiary objections, and not granting the post-trial motions. The Court of Appeals affirmed, finding that “there was no reason for the jury to consider the Nationwide UM policy,” and “[ajdmitting such evidence could only serve to possibly inflate or deflate a verdict or confuse the jury.”[3] Because the issue of revealing a UM carrier’s role as a defendant and involvement in a case has been the subject of debate among the bench and bar, we granted certiorari to address the issue along with the other evidentiary rulings and denial of the post-trial motions.
ANALYSIS
¶ 8. The main issue presented is one of first impression in Mississippi. There is debate among members of our Bar as to whether informing the jury of an uninsured-or underinsured-motorist carrier’s role as a party is required, and whether the fact of that role is evidence, or simply a matter within the purview of a trial judge in controlling the courtroom and trial. We hold that it is both.
I. The trial court properly excluded Nationwide’s identity and role in the trial.
¶ 9. This Court reviews a trial court’s exclusion of evidence under an abuse-of-discretion standard, and where we find a trial court has erred, we will not reverse unless the error adversely affects a party’s substantial right.[4]
A. Purpose and Relevance of Nationwide’s Role
¶ 10. To be admissible in its role as evidence, the fact of Nationwide’s role *861 in this case required some demonstration of relevance.[5] Evidence is relevant only where it has a “tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be ■without the evidence.”[6]
¶ 11. The admissibility of all evidence begins with an examination of its purpose. We are unable to discern the purpose or relevance of Nationwide’s role, and it is noteworthy that Cheri suggests no purpose or theory of relevance for us to analyze. Indeed, where insurance is concerned, our rules of evidence provide that “[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully.”[7] And it is “well established in this state that evidence of insurance or lack thereof may not be presented at a trial to show who would have to pay the judgment.”[8] For example, we have held that an uninsured defendant is prohibited from telling the jury that he or she lacks insurance and would have to pay any judgment.[9]
¶ 12. We agree with the view of the Supreme Court of New Jersey that, “in the context of a [underinsured motorist] trial, in which the circumstances of the underlying accident are the focus, ... the insurer’s identity is ordinarily irrelevant,” and “[w]hether the jury knows the under-insured motorist insurer’s identity should have no impact on its evaluation of the extent of the plaintiffs injuries.”[10] This reasoning is highly persuasive. Other courts, including those in Virginia, have followed New Jersey’s approach under similar circumstances.[11]
¶ 13. The only issue in this case was the amount of Cheri’s damages. We see no reason for the jury to be informed of Nationwide’s role as Cheri’s underinsured motorist insurer. This information would have been of no help in deciding the issues before the jury; indeed, the trial judge would have risked a mistrial by allowing the plaintiff to use insurance to prove the defendant’s negligence.[12]
¶ 14. We find Nationwide’s role in this case — insofar as the jury was concerned — was irrelevant. And, although irrelevant evidence occasionally finds its way into the record, it is never admissible un *862 der the Mississippi Rules of Evidence.[13]
B. Application of the Rule 403 Balancing Test to Nationwide’s Role
¶ 15. Even if Nationwide’s role had some minimal theory of relevance, it nevertheless properly would have been excluded under Rule 403, which requires exclusion of relevant evidence
if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[14]
f 16. We agree with the New Jersey court’s finding that informing the jury that a party provides underinsured motorist coverage on the plaintiffs car actually “increase[s] the risk of jury confusion[,] because the jury would first be told that the defendant is an insurer, but would then be advised that this is irrelevant and should play no role in their evaluation of the claim.”[15]
C. Judges’ Control Over the Trial
¶ 17. The plaintiff also argues that it was “inherently unfair” for the jury not to know of Nationwide’s role in the litigation. The trial judge found nothing unfair about it. This Court has “unflagging support” for a trial judge’s power to control the progress of a trial.[16] The trial judge was well within his discretion in finding that identifying Nationwide as party would disrupt the trial on Cheri’s damages and create confusion for the jury. As stated, trial judges have the authority, power, and responsibility to prevent confusion and undue prejudice.
¶ 18. The plaintiff correctly points out that our views are in disagreement with those of the Supreme Court of Florida, which holds that full disclosure of a under-insured motorist company’s identity at trial “protects the integrity of the jury system and prevents charades at trial.”[17] But having made this bold statement, the Florida court fails to explain how or why the jury system’s integrity depends to any degree on informing the jury of information it is prohibited from using in its deliberations. And as a dissenting justice on that same court noted, “such disclosures creates a substantial risk of unnecessarily shifting the jury’s attention to insurance details where there are no insurance issues to be decided by the jury.”[18]
¶ 19. In short, the Florida approach creates the very real danger that juries will return “insurance verdicts,” and this danger is exactly what Mississippi Rule of Evidence 411 was designed to guard against. Identifying Nationwide as a party at trial would have been a backdoor attempt to use insurance to inflate the jury’s verdict; not decide the issue of Cheri’s damages.
¶ 20. Contrary to the dissent’s view, the trial court was not compelled by Mississippi Rule of Civil Procedure 10(a) to disclose Nationwide’s identity in the case. That rule, which does no more than to govern the style of a pleading, says nothing about informing the jury of any *863 thing. Indeed, rare is the case in which a complaint is presented to a jury as an exhibit.
¶ 21. The plaintiff suffered no prejudice here. Her right to bring claims against her underinsured motorist carrier and name the underinsured motorist carrier as a party under Mississippi Rules of Civil Procedure 18, 19, and 20, and Mississippi Code Section 83-11-105 were protected; but those rights do not amount to carte balance license to use the insurer’s identity to increase the jury’s verdict. The issue in this case is about relevance; and here, Nationwide’s identity lacked any.
II. The trial judge committed no other reversible error in sustaining the two evidentiary objections and denying the post-trial motions.
¶ 22. Finally, we will briefly address Heflin’s other three issues. First, as to Merrill’s statement about being sorry for causing the accident, we are unable to find that the trial judge abused his discretion by excluding this evidence under Mississippi Rule of Evidence 403. The trial court correctly recognized that the statement was not hearsay under Mississippi Rule of Evidence 801(d)(2) because it was a statement offered against a party opponent. But, because the only issue at trial was Cheri’s damages, the trial judge was well within his discretion to exclude the statement as being unduly prejudicial.
¶ 23. Second, as to Mike’s opinion about the speed of Merrill’s vehicle, the trial judge again was well within his discretion to exclude this testimony. Mississippi Rule of Evidence 701 provides in essence that “lay witness opinion [is limited] to those opinions or inferences which are rationally based on the perception of the witness and helpful to the clear understanding of his testimony or the determination of a fact in issue.”[19]
¶ 24. When Mike was asked about seeing Merrill’s car before the accident, he testified he “glanced back and glanced in [his] rearview mirror ... [a]nd it was just a glance just before it happened.” Given this testimony, he appropriately was allowed to give his lay opinion that Merrill’s car “was barreling ■ down on top of us.” But allowing him to give the jury his opinion about the exact speed at which Merrill’s vehicle was traveling would have elevated his role from lay witness to that of an expert.[20]
¶ 25. In an attempt to bolster Mike’s qualification to give a lay opinion about speed, the plaintiff cited Mike’s experience as an insurance agent. But Rule 701 prohibits lay opinions that are based on special training and knowledge.[21] A lay witness’s unique qualifications have no bearing on the witness’s ability give a lay opinion. Ultimately, the speed of Merrill’s vehicle was a fact for the jury to determine.
¶ 26. Because we find no error in the trial court’s rulings on any of the eviden-tiary issues in this case, we find there was no cumulative error warranting a new trial or an additur; and that the trial judge did not abuse his discretion in denying the plaintiffs post-trial motions.[22]
*864 CONCLUSION
¶ 27. We hold as a matter of first impression that, in Mississippi, the proponent of evidence of the role of an uninsured-or underinsured-motorist carrier’s role in litigation over benefits due under the policy as a result of a tortfeasor’s negligence must demonstrate the relevance of the evidence and that it passes Rule 403’s balancing test. Because the plaintiff in this case' has failed to do so, we affirm the judgments of the trial court and the Court of Appeals. The trial judge committed no error in this case by excluding any reference to Nationwide and the other evidentiary rulings.
¶ 28. AFFIRMED.
RANDOLPH, P.J., LAMAR, CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J. WALLER, C.J., NOT PARTICIPATING.

. After the accident, Merrill passed away due to causes unrelated to the accident.

. See Miss. R. Evid. 801(d)(2)(a) (statements offered against opposing party are not hearsay).

. Heflin v. Merrill, No.2012-CA-00663-COA, 154 So.3d 887, 891, 2013 WL 5614290, at *3 (Miss.Ct.App. Oct. 15, 2013).

.James v. Carawan, 995 So.2d 69, 75 (Miss. 2008) (citing Floyd v. City of Crystal Springs, 749 So.2d 110, 113 (Miss. 1999)).

. Miss. R. Evid. 402.

. Miss. R. Evid. 401.

. Miss. R. Evid. 411.

. Capital City Ins. Co. v. G.B. "Boots” Smith Corp., 889 So.2d 505, 510 (Miss.2004) (citing Morris v. Huff, 238 Miss. 111, 118-19, 117 So.2d 800, 802-03 (1960); Snowden v. Webb, 217 Miss. 664, 675-76, 64 So.2d 745, 750 (1953)).

. Capital City Ins. Co., 889 So.2d at 510 (quoting Snowden, 64 So.2d at 750).

. Bardis v. First Trenton Ins. Co., 199 N.J. 265, 971 A.2d 1062, 1069 (2009).

. See Mattingly v. Stinson, 281 S.W.3d 796, 798 (Ky.2009) (prohibiting the disclosure of an underinsured motorist carrier’s identity where the tortfeasor remained a real party to the action); Wineinger v. Ellis, 855 N.E.2d 614, 620 (Ind.Ct.App.2006) (upholding a trial court's order that an underinsured motorist carrier’s identity not be disclosed at trial, because the only issue at trial was the extent and nature of injuries); Allstate Ins. Co. v. Wade, 265 Va. 383, 579 S.E.2d 180, 183-84 (2003) (recognizing that sometimes the knowledge that a party is uninsured can actually prejudice the plaintiff and deflate the jury’s verdict against the uninsured defendant); Travelers Ins. Co. v. Lobello, 212 Va. 534, 186 S.E.2d 80, 82 (1972) (holding that it was error to inject the issue of uninsured motorist coverage at trial).

.See Miss. R. Evid. 411.

. Miss. R. Evid. 402.

. Miss. R. Evid. 403.

. Bardis, 971 A.2d at 1069.

. Jackson v. State, 684 So.2d 1213, 1225 (Miss. 1996) (quoting Douglas v. State, 525 So.2d 1312, 1318 (Miss. 1988)).

. Lamz v. Geico Gen. Ins. Co., 803 So.2d 593, 595 (Fla.2001).

. Id. at 597 (Wells, C J., dissenting).

. Roberts v. Grafe Auto. Co., Inc., 701 So.2d 1093, 1099 (Miss.1997) (citing Couch v. City of D’Iberville, 656 So.2d 146, 153 (Miss. 1995)).

. Miss. R. Evid. 702.

. Miss. R. Evid. 701(c) (providing that lay opinion may not be based on "scientific, technical, or other specialized knowledge" within the scope of Rule 702).

. See Maddox v. Muirhead, 738 So.2d 742, 743 (Miss. 1999) (noting that a trial court re *864 views a denial of a motion for new trial or additur for abuse of discretion).